896 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Hugh D. GLYMPH, Plaintiff-Appellant,
v.
C.F. SAUER COMPANY, Defendant-Appellee.
 No. 89-2056.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 30, 1989.
Decided: Feb. 6, 1990.
 
 Stephen John Henry (Phillip Donnan, Haskins and Patton, on brief), for appellant.
 J. Hamilton Stewart, III (R. Allison Phinney, Ogletree, Deakins, Nash, Smoak and Stewart, on brief), for appellee.
 Before ERVIN, Chief Judge, WIDENER, Circuit Judge, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Hugh D. Glymph (Glymph) appeals from the decision of the district court accepting a magistrate's recommendation that summary judgment be granted in favor of the C.F. Sauer Company (Sauer). The magistrate concluded, after a hearing on Sauer's summary judgment motion, that Glymph failed to offer sufficient evidence to make out a case of age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621 et seq.
 
 I.
 
 2
 In September 1986, Glymph was discharged by Sauer, a manufacturer of spices and foodstuffs, at which time he was fifty-seven years old and had been employed by Sauer for over 24 years. As district sales manager, Glymph's primary function was supervision of sales activity in South Carolina, most of Tennessee, the northern half of Mississippi and parts of Georgia. He supervised nineteen full-time and five part-time employees. Although his job performance had been rated generally satisfactory, from 1980 through 1984 his performance evaluations noted various weaknesses, specifically not being on the road enough, failing to work closely with employees under his supervision, not being sufficiently aggressive, and failing to develop and service accounts.
 
 
 3
 Between 1984 and 1986, various Sauer managers met with Glymph to discuss his increasingly more deficient performance. In February 1986, he was advised to begin looking for a new job because of the inadequacies in his performance. On March 1, 1986, Glymph wrote to Monnie Adams, vice-president of sales, expressing both his agreement in regard to his deficiencies and his promise to improve. Shortly thereafter, Sauer began a policy of making unannounced visits to various sales territories, and in September 1986, Adams visited Charleston, South Carolina, territory supervised by Glymph. Finding numerous problems there, Glymph was asked for his resignation. Two Sauer employees were temporarily assigned to handle Glymph's functions until January 1987 when Glymph was permanently replaced by Corinne Brooks, age thirty-five.
 
 II.
 
 4
 The ADEA makes it "unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual ... because of such individual's age." 29 U.S.C. Sec. 621(a)(1). The substantive elements of an ADEA claim are "(a) that an employee covered by the Act (b) has suffered an unfavorable employment action by an employer covered by the Act (c) under circumstances in which the employee's 'age was a determining factor' in the action in the sense that 'but for' his employer's motive to discriminate against him because of his age, he would not [have suffered the action]." Ballinger v. North Carolina Agric. Extension Serv., 815 F.2d 1001, 1006 (4th Cir.1987) (quoting Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 238 (4th Cir.1982)).
 
 
 5
 A complainant may prove that age was a determining factor "under ordinary principles of proof by any direct or indirect evidence relevant to and sufficiently probative of the issue" or, in the alternative, by means of "the judicially created proof scheme for Title VII cases." EEOC v. Western Electric Co., Inc., 713 F.2d 1011, 1014 (4th Cir.1983).
 
 A.
 
 6
 Glymph proffers under the first method of analysis statements allegedly made by Adams to R.C. Buchanan, a regional sales manager and Glymph's direct supervisor, to the effect that Glymph was "over the hill" and "just riding the waves until his retirement." As both the magistrate and district court found, even if these statements were made (which Sauer denies), in the context of this case, they reflect on Glymph's poor job performance and are insufficient evidence of discriminatory intent. See, e.g., Smith v. Flax, 618 F.2d 1062, 1066 (4th Cir.1980) (not all statements regarding age indicate a discriminatory purpose). Noteworthy in this regard is the fact that both Adams and Buchanan were much older than Glymph when the statements were allegedly made, along with the fact that the disputed statements were made over seven months before Glymph was terminated. Thus, we conclude that Glymph has failed to establish under the first method of proof that, but for his employer's intent to discriminate on the basis of age, he would not have been terminated, nor has he provided evidence that unmistakably indicates that age was a determining factor in his termination. Goldberg v. B. Green & Co., 836 F.2d 845, 847 (4th Cir.1988); Cline v. Roadway Express, Inc., 689 F.2d 481, 485 (4th Cir.1982).
 
 B.
 
 7
 Under the judicially fashioned proof scheme, Glymph was required to show that (1) he is a member of the protected age group; (2) he was discharged or demoted; (3) at the time of discharge or demotion, he was performing his job at a level that met his employer's legitimate expectations; and (4) following his discharge or demotion, he was replaced by someone of comparable qualifications outside the protected class. EEOC v. Western Electric Co., Inc., supra, 713 F.2d at 1014. Glymph argues that there was a genuine factual issue in regard to the third prong. As evidence of the adequacy of his job performance, he cites the generally favorable performance ratings over the years of his employment with Sauer, a pay raise in February 1986 and the lack of any written warnings regarding his performance. Sauer, however, has offered abundant evidence demonstrating the company's belief that Glymph was no longer qualified for his job and failed to meet its legitimate expectations. Included in this proof are the performance ratings for the previous nine years which spell out certain inadequacies, records of discussions with Glymph regarding these shortcomings and Glymph's own memorandum in which he recognized the substance of these discussions and promised to do better. Neither minimal pay increases nor the absence of written warnings or previous suspensions overcomes the substantial evidence that Glymph's job performance continued to deteriorate up until the Charleston inspection and that all the indicia cumulatively demonstrated the necessity of terminating Glymph. The district court correctly found that Glymph failed to satisfy at least one prong, the third, of the required standard of proof.
 
 
 8
 There is also a question as to whether Glymph met the fourth prong, i.e., that he was replaced by someone of comparable qualifications outside the protected class. For several months after his termination, no one was named to fill his position, which is evidence of the fact that Sauer had no plans to replace him with anyone, much less someone outside the protected class.
 
 III.
 
 9
 In order to overcome a summary judgment motion, Glymph must do more than proffer conclusory assertions and theoretical possibilities. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 10
 [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.
 
 
 11
 Celotex Corp., supra, 477 U.S. at 322.
 
 
 12
 In this case, Glymph has failed to offer sufficient evidence on issues necessary to make out a case of age discrimination under either method of proof required in ADEA actions. The district court properly granted Sauer's motion for summary judgment.
 
 
 13
 AFFIRMED.