**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**MARION MOTEL ASSOCIATES, d/b/a Park Inn International, Defendant.**

**Civ. No. SH–C–89–185.**

United States District Court,
W.D. North Carolina,
Shelby Division.

March 15, 1991.

Jenny S. Ainsworth, Ronald J. Arrington, Regan A. Miller, E.E.O.C., Charlotte, N.C., and Charles A. Shanor, Philip A. Skloner, Washington, D.C., for plaintiff.

Sam J. Ervin, IV, Byrd, Byrd, Ervin, Whisnant, McMahan & Ervin, P.A., Morganton, N.C., for defendant.

## MEMORANDUM OF OPINION AND ORDER

RICHARD L. VOORHEES, Chief Judge.

THIS MATTER is before the Court on post-trial motions made by both the Plaintiff and the Defendant in the captioned civil case. For the reasons stated below, both motions will be denied.

### I. PLAINTIFF'S MOTION

Following the announcement of the jury's verdict, counsel for Plaintiff moved for judgment notwithstanding the verdict, pursuant to Fed.R.Civ.P. 50(b), as to the claims under 29 U.S.C. § 621, *et seq.*, of Francis Corriveau and Phyllis Dean Nolte. Defendant did not respond to Plaintiff's oral motion.

Viewing the evidence with all reasonable inferences in a light most favorable to the Defendant, the Court finds no reason to disturb the jury's verdict as to the claims of Francis Corriveau and Phyllis Nolte. 5A J. Moore & J. Lucas, Moore's Federal Practice § 50.07(2). Accordingly, Plaintiff's motion for judgment notwithstanding the verdict will be denied.

### II. DEFENDANT'S MOTIONS

#### A. Motion for Judgment Notwithstanding the Verdict

The Defendant filed a motion for judgment notwithstanding the verdict or, in the alternative, a new trial. Defendant's motion is directed to the portion of the jury's verdict finding willful age discrimination in its employment practices as to Aileen Peterson and Effie C. Petersen. The Court has read the Defendant's memorandum in support of its motion (Pleading No. 45) and the Plaintiff's memorandum in response (Pleading No. 46).

The Defendant's motion for judgment notwithstanding the verdict should be denied "[i]f, giving [the plaintiff] the benefit of every legitimate inference in [its] favor, there was evidence upon which the jury could reasonably return a verdict for [it]."

Mays v. Pioneer Lumber Corp., 502 F.2d 106, 107 (4th Cir.1974), cert. denied, 420 U.S. 927, 95 S.Ct. 1125, 43 L.Ed.2d 398 (1975). This determination must be made while viewing the evidence in the light most favorable to support the jury verdict. Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 243 n. 14 (4th Cir.1982). "If there is evidence to support the verdict, the trial court must enter judgment in accordance with the verdict...." 5A Moore's Federal Practice, supra, at § 50.11. More than a "mere scintilla" of evidence is necessary to defeat the motion. Gairola v. Virginia Dept. of General Services, 753 F.2d 1281, 1285 (4th Cir.1985). However, such motions are granted rarely where motive and causation are at issue. Herold v. Hajoca Corp., 864 F.2d 317 (4th Cir.1988), cert. denied, 490 U.S. 1107, 109 S.Ct. 3159, 104 L.Ed.2d 1022 (1989).

■ The Plaintiff, on behalf of claimants Aileen Peterson and Effie C. Petersen, alleged that the Defendant acted wilfully to affect the terms and conditions of the claimants' employment and subsequently terminated their employment on the basis of their ages. In pursuing its allegations, the Plaintiff had the burden of establishing a prima facie case of age discrimination, i.e., that the claimants are and were at all relevant times 40 years of age or older, were performing their duties of employment at a level meeting the legitimate expectations of the Defendant, were fired, and were subsequently replaced by younger individuals. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The "burden of establishing a prima facie case is not a heavy one." Young v. Lehman, 748 F.2d 194, 197 (4th Cir.1984), cert. denied, 471 U.S. 1061, 105 S.Ct. 2126, 85 L.Ed.2d 489 (1985). "[I]f the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.' [S]hould the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252–253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981) (citations omitted). See Goldberg v. B. Green and Co., Inc., 836 F.2d 845, 849 (4th Cir.1988) (adopting Title VII Burdine test to age discrimination claims).

■ The evidence established that both claimants were over 40 years of age during their employment by the Defendant. Gary F. Hewitt, owner and manager of the Defendant Park Inn, testified that he was satisfied with the work of claimant Effie C. Petersen. While there was some testimony as to claimant Aileen Peterson's tardiness in reporting to work, it appears that she also generally met the legitimate expectations of Defendant. Moreover, the evidence was that Hewitt expressed his desire to replace claimants Aileen Peterson and Effie C. Petersen with younger employees. According to the testimony, although Hewitt was an experienced businessman, he caused an unlawful advertisement to be published in The McDowell News which announced vacancies in all supervisory and desk clerk positions and urged "young, energetic persons" to apply for employment at the Park Inn. See 29 U.S.C. 623(e). Hewitt testified that when claimant Effie Petersen offered to learn additional tasks for the second shift, he replied, "You can't teach an old dog new tricks." The evidence further established that the job application used by the Defendant contained a notice regarding prohibitions under the Age Discrimination in Employment Act (hereinafter "the Act").

Defendant moved for a directed verdict at the close of Plaintiff's evidence and again at the close of all evidence. Fed.R. Civ.P. 50(a). The Court denied both Defendant's motions and sent the issues covering the age discrimination claims of Aileen Peterson and Effie Petersen to the jury. The jury responded in the affirmative to the issue, "[d]id the Defendant alter the terms and conditions of and subsequently terminate the employment of claimant Aileen Peterson [and claimant Effie C. Petersen] because of [their] age?" See Verdict Sheet for Claimant Aileen Peterson and Verdict

Sheet for Claimant Effie C. Petersen (Pleading Nos. 41 and 42). The Court finds that sufficient evidence was produced at trial upon which the jury could reasonably return a verdict in favor of claimants Aileen Peterson and Effie C. Petersen with respect to their claims of discriminatory discharge.

■ The Court also submitted an issue to the jury asking whether the Defendant acted in willful disregard of the law with respect to the termination of the employment of claimants Aileen Peterson and Effie C. Petersen. The jury answered in the affirmative regarding both claimants. A violation of the Act is "willful" "if 'the employer ... knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA.'" *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 126, 105 S.Ct. 613, 624, 83 L.Ed.2d 523 (1985) (citations omitted).

> In common usage the word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional." The word "willful" is widely used in the law, and, although it has not by any means been given a perfectly consistent interpretation, it is generally understood to refer to conduct that is not merely negligent. The standard of willfulness that was adopted in *Thurston*—that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute—is surely a fair reading of the plain language of the Act.

*McLaughlin v. Richland Shoe Company,* 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988) (citations omitted).

■ The evidence was that Hewitt was an experienced businessman with knowledge of the Act. Hewitt used job application forms at the Park Inn that contained a notice regarding the Act's prohibitions. As stated above, Hewitt placed an advertisement in *The McDowell News,* that was in violation of federal law. Moreover, the Court heard the testimony about Hewitt's age-biased comment to claimant Effie Petersen and the circumstances regarding her departure. The Court finds that the totality of the evidence establishes a course of conduct consistent with the willfulness standard articulated in *McLaughlin, supra.* The Defendant's motion for judgment notwithstanding the verdict, as it applies to the issue of willfulness, will be denied.

### B. New Trial

■ In the alternative of a judgment notwithstanding the verdict, the Defendant moved for a new trial pursuant to Fed.R. Civ.P. 59. "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." 11 C. Wright & A. Miller, Federal Practice and Procedure § 2803 (1973). "Under Rule 59 ..., a trial judge may weigh the evidence and consider the credibility of the witnesses and, if he finds the verdict is against the clear weight of the evidence, is based on false evidence or will result in a miscarriage of justice, he must set aside the verdict, ... and grant a new trial." *Poynter v. Ratcliff,* 874 F.2d 219, 223 (4th Cir.1989).

The Court has considered the credibility of the witnesses and recounted the pertinent evidence above. The Court finds that the jury's verdict was neither against the clear weight of the evidence nor a miscarriage of justice. Accordingly, Defendant's motion for a new trial will be denied.

### III. ORDER

IT APPEARING to the Court that evidence exists to support the jury's verdict,

IT IS, THEREFORE, ORDERED that the motion of the Plaintiff for judgment notwithstanding the verdict is hereby DENIED.

IT IS FURTHER ORDERED that the motion of the Defendant for judgment notwithstanding the verdict or, in the alternative, for a new trial is hereby DENIED.