**Thomas J. CONBOY,**

v.

**MONTGOMERY COUNTY GOVERNMENT.**

Civ. No. L–91–7.

United States District Court, D. Maryland.

Sept. 21, 1992.

John J. Ryan, Annapolis, MD, for plaintiff.

Joyce R. Stern, County Atty., and James L. Parsons and Linda B. Thall, Asst. County Attys., Rockville, MD, for defendant.

## MEMORANDUM

LEGG, District Judge.

Presently before the Court is a Motion for Summary Judgment filed by defendant Montgomery County Government ("the County"). This suit for damages, injunctive relief, and attorneys fees arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621–634 (1976 & Supp. III 1979) ("ADEA"). This Court has reviewed the papers submitted by the parties in reference to said motion and finds that there is no need for a hearing. *See* Local Rule 105.6 (D.Md.1989). For the reasons set forth below, the Court GRANTS the defendant's motion as to all of the plaintiff's claims by separate order. Accordingly, judgment is entered in favor of the defendant against the plaintiff.

## I. FACTS

In January 1990, Mr. Conboy responded to an advertisement in the *Washington Post* for a "Money and Investment Manager" position with the County by mailing his resume to the County Personnel Department. The resume was received by Linda Waldon, a Personnel Specialist, who determined that he met the minimum qualifications for the position. Waldon then mailed Conboy a standard County job application along with a job-specific supplemental application. Conboy completed and returned both applications together with a letter requesting an interview.

A total of 31 individuals applied for the Investment Manager position. In order to determine which of the candidates to interview, the County developed a system by which each applicant would be anonymously evaluated and scored by three separate members of a "ratings panel".[1] The members of the panel reviewed the supplemental applications of each applicant, which bore no identifying information other than the applicant's social security number and applicant number.

Each of the three panel members scored, on written evaluation forms, each of the six questions in the candidates' supplemental applications on a scale of one to five, and submitted their evaluations to Waldon.[2] Waldon determined the applicants' final scores by taking an average of the three total scores.

The overall average score of the candidates was 18.96. Twelve applicants with average scores between 21 and 29 were invited to interview for the position.[3] Mr. Conboy received an average score of 13, the fourth worst score of all the applicants, and was not invited for an interview. After being notified by mail that he would not be invited to interview for the position, Conboy wrote a letter to Waldon protesting the County's decision and requesting reconsideration based

---

1. The members of the panel were G. Peter Mech, Chief of the Montgomery County Division of Accounting, Robert Watson, Executive Assistant to the President of Montgomery College, and Charles Stein, the Director of Financial Services for the Montgomery County Board of Education.

2. A perfect score would be a 30.

3. 19 applicants with scores ranging from 7.6 to 20.6 were not invited for an interview.

on what he claimed were his "outstanding qualifications".[4]

Waldon then sent Conboy's supplemental application back to the ratings panel for a second review. Two members of the panel did not change Conboy's score, but one raised his score by six points, bringing his average to a 15, six points below the lowest score of those invited to interview. When Conboy was again informed that he would not be interviewed, he filed an age discrimination charge with the Equal Employment Opportunity Commission ("EEOC") in May, 1990.[5] On January 2, 1991, he filed the instant action. Conboy alleges that the County refused to interview him because of his age (which at the time he applied for the position was 58), in violation of the ADEA and the Maryland Human Rights Law.

## II. STANDARDS FOR SUMMARY JUDG-MENT

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate if the moving party can show that "there is no genuine issue of material fact" and that he is "entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In this case, the defendant, as the moving party, bears the initial burden of proof, and the Court must determine whether, viewing the evidence in the light most favorable to the plaintiff, "a fair-minded jury could return a verdict for the [plaintiff]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). If the movant makes this preliminary showing, the burden shifts to the opposing party to delineate, with supporting admissible evidence, an issue of material fact. A "mere scintilla of evidence in support of the plaintiff's position" shall not

suffice. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

## III. DISCUSSION

The ADEA prohibits discrimination in employment against persons between 40 and 70 years of age.[6] Conboy's complaint alleges disparate treatment in hiring on the basis of his age. In order to sustain such a claim, Conboy has two different avenues of proof. First, he can show that "but for" the County's discriminatory intent, he would have been hired. *Goldberg v. B. Green & Co.*, 836 F.2d 845 (4th Cir.1988). Conboy can meet this burden through direct and/or circumstantial evidence sufficient to create an issue of material fact regarding the County's intent. *Id.* at 848. In the alternative, Conboy can proceed under the proof scheme set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), as he has elected to do in the instant case.[7]

■ Under the *McDonnell Douglas* scheme, Conboy can make out a *prima facie* case of age discrimination by proving, by a preponderance of the evidence, that: (i) he is a member of the protected age class; (ii) he applied for and was qualified for the position advertised; (iii) he was not hired for the position; and (iv) someone else was hired. *See Fink*, 708 F.2d at 909. The Court finds that Conboy has met this burden by introducing uncontroverted evidence that (i) he was 58 years old in 1990; (ii) in January, 1990 he applied for the position of Money and Investment Manager and met the minimum qualifications for the job[8]; (iii) he was not hired; and (iv) another individual was hired.

■ Once the plaintiff makes a *prima facie* case of age discrimination, the burden shifts to the defendant to "articulate some

---

4. Defendant's exhibit 7.

5. Apparently, the EEOC notified Conboy that it would be over a year before it could begin investigating his complaint. The EEOC then advised Conboy to sue in federal court and mailed him a "right to sue" letter. Conboy Aff. of 9/15/91 ¶ 9.

6. The ADEA provides, in relevant part, that "[i]t shall be unlawful for an employer ... to fail or refuse to hire ... an individual or otherwise

discriminate against any individual ... because of such individual's age ..." 29 U.S.C. § 623(a) (1979).

7. The *McDonnell* proof scheme has been adopted for application in ADEA cases. *See*, e.g., *Goldberg*, 836 F.2d at 847; *Fink v. Western Electric Co.*, 708 F.2d 909 (4th Cir.1983).

8. *See* Defendant's exhibit 1 at 20–21 and Linda Waldon Aff.

legitimate, non-discriminatory reason for the ... rejection." *McDonnell Douglas* 411 U.S. at 802, 93 S.Ct. at 1824. The Court finds that the County has met this burden by explaining that Conboy was not hired because "he did not score high enough on the supplemental application portion of the interview process to allow him to proceed to the oral interview stage."[9]

In support of this contention, the County has introduced evidence that (i) the applications reviewed by the panel were anonymous and did not reveal the applicant's age; (ii) the applications were read and scored by three individuals acting independently; (iii) the panel members were 49, 53, and 62 years old at the time they read the applications; (iv) the position was a high-level job involving the management of hundreds of millions of dollars; experienced individuals who required no training, but who could step in and immediately assume responsibility, would be at an advantage[10]; (v) six of the twelve candidates who were interviewed were over 40, and one was 57; (vi) 11 of the 19 individuals who were not interviewed were under 40; (vi) panel member Robert Watson thought Conboy was not well-suited for the position because his application indicated a willingness to make risky investments, while the County emphasized safety and liquidity;[11] (vii) panel member George Mech was dissatisfied with the substance of Conboy's responses to the questions in the supplemental application[12] and (viii) the County could not reasonably interview every one of the 31 qualified applicants and was forced to make an arbitrary cutoff point at 12[13].

■ If the defendant is able to articulate and produce evidence of a legitimate non-discriminatory reason for not hiring the plaintiff, the burden shifts back to the plaintiff to show that age was the more likely reason for the rejection, or that the employer's explanation is pretextual and "unworthy of credence." *Tuck v. Henkel Corp.*, 973 F.2d 371 (4th Cir.1992). This burden merges with the plaintiff's ultimate burden of persuasion. In order to withstand a motion for summary judgment, the plaintiff must introduce evidence raising a genuine issue of whether age was a "determining factor" in the employer's decision. *Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1417 (4th Cir.1991).

In his Memorandum in Opposition, Mr. Conboy makes a number of arguments and references to evidence which he alleges reveal that age was a determining factor in the County's failure to hire him. Conboy first argues that his expert witness, financial adviser Steven Ames, testified that Conboy should have been interviewed. However, Mr. Ames admitted in his deposition that he made only a preliminary "tentative and cursory" review of the 31 supplemental applications[14] "within a very abbreviated period of time," and Ames testified only that Conboy should have been among the twelve interviewed, not that he was the most qualified applicant.[15] Moreover, Ames knew which of the applications was Conboy's when he made his evaluations. As a result, this Court accords Ames' testimony little weight and finds that the testimony fails to offer support for the proposition that age was a determinative factor in the ratings panel's evaluations.

Next, Conboy points to an alleged inconsistency between the deposition testimony of Waldon and that of one of the panel members, Stine. Waldon stated that she told the raters nothing about Conboy's age following

---

9. Defendant's Memorandum at 15.

10. The job description notes that the position involves "a high degree of independence" and requires the employee to make "daily investment decisions for a portfolio in excess of $350 million". The minimum requirements for the position were a bachelor's degree and seven years of experience. Thus, this was not a situation in which an employer was seeking someone young to train and prepare for a long-term career.

11. Watson Dep. at 23–24.

12. Mech Dep. at 41.

13. Rater Watson noted that "it really gets down to splitting hairs when you are rating these types of things." Watson Dep. at 18.

14. Ames Dep. at 18, 19. Conboy's attorney also stated for the record at the deposition that he asked Mr. Ames only to "very briefly review the other applications." Ames Dep. at 16.

15. Ames Dep. at 18.

**1118**

Conboy's request for reconsideration.[16] Stine, however, recalled that someone from personnel, although he could not remember whom, told him that Conboy was claiming that his age was used against him when Stine was asked to re-review Conboy's application.[17]

The Court finds this dispute immaterial, particularly because Conboy stated in the letter he wrote to Waldon requesting reconsideration of his application that "there has to be some reason other than a business or experience reason for declining to place me at the top of your list of candidates,"; the individual from personnel with whom Stine spoke could have deduced from this language that Conboy believed he had been discriminated against in some form and communicated this suspicion to Stine. Moreover, events which took place *after* the initial rating of candidates shed no light on the factors the raters took into consideration when they first evaluated Conboy's application. During that initial review, the three raters, acting independently and pursuant to written instructions to "*objectively* assess[ ] each candidate's presentation of experience and expertise,"[18] all gave Conboy a low score.

Next, Conboy points to a memo that panel member Watson wrote to Waldon after he had, at Waldon's request, reevaluated Conboy's application. The memo describes Conboy as a "fish out of water in the public environment."[19] However, this memo is completely consistent with Watson's determination that Conboy's investment style would be incompatible with the County's conservative approach[20], and in no way shows that age was a factor in Watson's evaluation.

Fourth, Conboy points to the fact that every rater admitted that he could tell from Conboy's application that Conboy was not a young man. However, the raters also testified that age was not a factor in their decision-making process, and the record reveals that over half of the applicants were over 40, and hence not, according to the ADEA, "young men".[21] This evidence does not show that age was a factor in the rater's decision-making process.

Next, Conboy points to the fact that one rater revised his score by six points after Conboy asked for reconsideration. However, panel member Mech testified that he did so only because he was giving Conboy the benefit of the doubt.[22] More importantly, this evidence does not show that age was a factor in the Mech's, or any other panel member's, initial evaluation.[23]

Finally, Conboy argues that the only applicant over 50 who was invited for an interview was an individual whose age could not be determined from his supplemental application. However, Conboy has introduced no evidence in support of this contention.[24]

█ In conclusion, this Court finds that Conboy has failed to rebut the substantial evidence offered by the County in support of its contention that age was not a factor in its decision not to hire Conboy. Moreover, Con-

16. Waldon Dep. at 27.

17. Stine Dep. at 29.

18. Defendant's exhibit A.

19. Plaintiff's exhibit 3.

20. Watson Dep. at 24.

21. In fact, Conboy's application revealed only that he had 25 years in the investment business, as well as a B.A. and an M.B.A. This information could have easily led the raters to believe that Conboy was in his late 40's, rather than 58.

22. Mech Dep. at 40.

23. Notably, Mech testified that he was dissatisfied with Conboy's responses to questions two, three, and four of the supplemental application. Mech stated that Conboy's response to question two was "very short, wasn't elaborative, it gave me no confidence that there was a lot of work effort previously done in the selection of banks." Mech Dep. at 41. Mech also felt that Conboy's answer to question three was too short, and that his response to question four was too "academic". Mech Dep. at 41.

24. Conboy also refers in his deposition to an anonymous phone call, approximately two to three seconds in duration, in which a woman allegedly called him and said, without explanation, "[y]ou're not going to get the investment manager's job. Your age is being used against you." Conboy Dep. at 51–52. However, this evidence is inadmissible hearsay and cannot support a motion for summary judgment. Fed. R.Civ.P. 56(e).

boy has failed to introduce any evidence that the County's articulated nondiscriminatory reason for choosing not to hire him was pretextual. Accordingly, this Court finds that Conboy has failed to meet his burden of showing that there are genuine issues of material fact. The County, therefore, is entitled to judgment in its favor as a matter of law. As a result, the County's motion for summary judgment will be GRANTED by separate order.