Darrell **GAVIN**

v.

**SPRING RIDGE CONSERVANCY, INC., et al.**

**Civil No. S 95–2668.**

United States District Court, D. Maryland.

Dec. 11, 1995.

---

Mary Blinn Moody, Law Office, Frederick, MD, Scott Craig Borison, Legg Law Office, Frederick, MD, for plaintiff.

Thomas E. Lynch, III, Miles & Stockbridge, Frederick, MD, Kathleen Pontone, Miles and Stockbridge, Baltimore, MD, for defendants.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This matter is before the Court on the defendants' alternative motion for summary judgment, which will be granted. The motion has been fully briefed, and no oral argument is needed. Local Rule 105.6, D.Md.

This case has already been the subject of a Memorandum and Order in which the Court declined to enter a preliminary injunction. (The Court's ruling in this regard is currently on appeal.) The facts are set forth, to a large extent, in the Court's earlier opinion and need not be repeated here.

The plaintiff's principal contention is that the defendants' refusal to permit him to maintain on his residential property a storage shed that is larger than guidelines applicable to townhouses in the defendants' community development violates his rights under the Fair Housing Amendments Act of 1988, Pub.L. 100–430, codified as 42 U.S.C. § 3604(f)(3)(A) and (B).

It is well understood that, under the Supreme Court's decision in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the party opposing sum-

mary judgment must bring forward sufficient evidence to generate a triable dispute, if movant has submitted a properly-supported motion. In this case, the Court is of the opinion that the plaintiff has failed to bring forth sufficient evidence from which any reasonable factfinder could find by a preponderance of the evidence, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), that the defendants have engaged in prohibited discrimination against him.

■ Turning first to the plaintiff's claims of intentional discrimination and retaliation, there is no evidence at all, other than perhaps the plaintiff's own subjective beliefs, of intentional discrimination or retaliation. Such beliefs are, of course, insufficient to show an intentional discriminatory animus. *See Goldberg v. B. Green & Co., Inc.*, 836 F.2d 845 (4th Cir.1988). The other matters adverted to in plaintiff's memorandum at page 15 as raising an inference of retaliation or intentional discrimination are plainly insufficient in a way that satisfies *Anderson* and *Celotex*. Neither the fact that the restrictions in question are in a supplement to the architectural guidelines nor the fact that there was an inadvertent review of a builder-provided option is sufficient alone or in combination to generate a triable issue of intentional discrimination or retaliation. Furthermore, while it is true that the Court, on page 4 of its October 23, 1995 Memorandum and Order, referred to plaintiff's statements in ¶ 9 of Mr. Gavin's September 20, 1995 affidavit about intentional and unkind comments, finding them "far too insubstantial to make any violation of § 3617 sufficient to warrant injunctive relief," they also are far too vague to oppose summary judgment under *Anderson* and *Celotex*. Mr. Gavin's affidavit in opposition to summary judgment does not elaborate on ¶ 9 of his September 20 affidavit, which merely states the defendants have intimidated the plaintiff by making comments and other statements to him. Finally, as will be discussed post, the lack of any merit in plaintiff's principal claim bars a § 3617 claim based on the same charge of discrimination. *See South–Suburban Housing Ctr. v. Greater South Suburban Bd. of Realtors*, 935 F.2d 868, 886–87 (7th Cir.1991), *cert. denied*, 502 U.S. 1074, 112 S.Ct. 971, 117 L.Ed.2d 136 (1992).

■ The question of whether there is sufficient evidence to go to trial on whether the defendants have, without regard to their intent, discriminated against Mr. Gavin by their disapproval of his shed as constructed calls for interpretation of 42 U.S.C. § 3604(3)(A) and (B). There is no question that the term "reasonable accommodation" has a well-settled meaning, and this Court agrees that, under the proper circumstances, failure to waive or grant an exception to a facially-neutral restrictive covenant might well constitute a denial of a reasonable accommodation, *i.e.*, one that does not work undue hardship or expense on the provider of housing.

The difficulty for plaintiff in this case is that the duty to make a reasonable accommodation does not simply spring from the fact that the handicapped person (and there is no dispute about Mr. Gavin's status as such) wants such an accommodation made. The statute plainly defines unlawful discrimination as refusal to make or permit a reasonable modification or accommodation if and when such "may be *necessary* to afford such person" full enjoyment of a dwelling or equal opportunity to use and enjoy it. 42 U.S.C. § 3604(F) (Emphasis added). Significantly, the statute does not talk in terms of accommodations and/or modifications that are simply convenient to a handicapped individual's use or enjoyment of the property. Rather, discrimination occurs when the handicapped individual has been deprived of the right to make a reasonable modification, or there has not been a reasonable accommodation, that is *necessary* to full enjoyment of the premises or an equal opportunity to use and enjoy a dwelling as is afforded to non-handicapped persons. Congress is not presumed to use words with a well-settled meaning, like *necessary*, meaninglessly or in any sense other than such meaning. Indeed, in the legislative history of Pub.L. 100–430, Congress specifically noted the link between such modifications and/or accommodations as are required under § 3604(f)(3)(A) and (B) and their necessity to a handicapped individ-

ual's full use and enjoyment of the premises. H.R.Rep. 100–711 (100th Cong., 2d Sess. 1988) at 25.

■ What has been, and remains, missing from this case from the beginning is the lack of *any* factual support whatever for the proposition that the storage shed, as constructed, constitutes an accommodation or modification that is *necessary* to Mr. Gavin's full use and enjoyment of the premises. *Nowhere* has the plaintiff shown that a shed of a size within the guidelines would not have been sufficient to house each and every item of "excess medical supplies," plus his motorized scooter. The Court has very carefully read Mr. Gavin's four-page affidavit in opposition to summary judgment. Although it describes the shed, describes what is stored in it, and describes the topography of the premises, there is absolutely *no* fact set forth therein indicating that a storage shed complying with the defendant's specifications in the architectural guidelines as applicable to townhouses would not be sufficient to meet Mr. Gavin's needs by allowing storage of all equipment, supplies, etc., necessary to his full use and enjoyment of the townhouse.

What is really going on in this case is a *post-factum* attempt by Mr. Gavin to use his handicapped status as a justification for keeping an improper structure on his property. The defendants' conduct does not amount to prohibited discrimination raising a triable federal claim, as there is, as a matter of law, insufficient evidence to show that Mr. Gavin's shed, as built, is in any way necessary for his full use and enjoyment of his townhouse.

Finally, the Court remains of the opinion that plaintiff's claim under § 3604(c) is untenable as a matter of law, in view of the construction of that statute as adopted by the Fourth Circuit in *United States v. Hunter*, 459 F.2d 205 (4th Cir.), *cert. denied*, 409 U.S. 934, 93 S.Ct. 235, 34 L.Ed.2d 189 (1972), *reh. denied*, 413 U.S. 923, 93 S.Ct. 3046, 37 L.Ed.2d 1045 (1973), *i.e.*, that its intent is to prohibit discriminatory advertising. The covenants are neither advertising nor discriminatory. The defendants' failure to include in their declaration of covenants a spe-

cific non-discriminatory statement is not within the prohibition of the statute.

For the reasons stated, an Order will be entered separately, granting the defendant's motion for summary judgment.

### ORDER AND JUDGMENT

For the reasons stated in the foregoing Memorandum Opinion, it is, this 11th day of December, 1995, by the Court, ORDERED and ADJUDGED:

1. That the defendants' motion for summary judgment BE, and the same hereby IS, GRANTED;

2. That judgment BE, and it hereby IS, entered in favor of defendants, against the plaintiff;

3. That this case BE, and it hereby IS, CLOSED; and

4. That the Clerk of Court mail copies hereof and of the foregoing Memorandum Opinion to counsel for the parties.