**Barry S. GOLDBERG,
Plaintiff–Appellant,**

v.

**B. GREEN AND COMPANY, INC.,
Defendant–Appellee.**

No. 87–3056.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 5, 1987.

Decided Jan. 14, 1988.

viewed as one of the appropriate ends of punishment.

Lalit Harilal Gadhia (Donald D. Hecht, Baltimore, Md., on brief), for plaintiff-appellant.

Ransom J. Davis (H. Russell Smouse, Nancy S. Allen, Melnicove, Kaufman, Wein-er, Smouse & Garbis, P.A., Baltimore, Md., on brief), for defendant-appellee.

Before HALL and ERVIN, Circuit Judges, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.

FRANK A. KAUFMAN, Senior District Judge:

Barry Goldberg appeals from the district court's order granting B. Green and Company, Inc.'s motion for summary judgment. We agree with the district court that appellant presented insufficient evidence of age discrimination to withstand summary judgment, and therefore affirm the judgment of the court below.[1]

## I.

B. Green and Company, Inc. (Green) is a family-owned and -operated food wholesaler and distributor. In 1959, Green hired Barry Goldberg (Goldberg) as a tabulator operator. Goldberg worked for Green for the next 23 years, eventually assuming a managerial position as "Director of Store Engineering."

In April 1978, after he became Director of Store Engineering, Goldberg suffered a heart attack and, as a result of his illness, missed a total of approximately five and one-half months of work. After Goldberg eventually returned to work in November 1978, he apparently performed his duties satisfactorily for several years thereafter.

In October 1982 a dispute arose which precipitated the termination of Goldberg's employment by Green. Green had retained an independent contractor, Robert Riffey, to make various repairs and modifications at its main plant. In addition to these services, pursuant to Goldberg's instructions, Riffey also built a doghouse for Goldberg's pet. Believing that the doghouse had been built at the expense of the company and with company materials, Ber-

1. Appellee B. Green and Company, Inc. moved for leave to file a supplemental appendix. We can see no prejudice to appellant Goldberg if we grant that motion, and therefore hereby do so.

nard Green, president of Green, fired Goldberg.[2]

At the time he was terminated, Goldberg was fifty years old. Green subsequently filled Goldberg's position from within the company by promoting Martin Snyder, who was then fifty-six years old.

On November 15, 1982, approximately two weeks after he was fired, Goldberg filed a charge of age discrimination with the Maryland Commission on Human Relations (Commission). The Commission investigated the charge and, on August 24, 1983, issued its findings, concluding that Green had not substantiated its claim that Goldberg had violated a company policy by having Riffey build the doghouse. The Commission appears to have reached that conclusion primarily on the basis of evidence submitted by Goldberg which tended to show that he had paid Riffey for the job. Based on its conclusion that Green had failed to "provide[ ] a supported, business related factor for the discharge," the Commission found "probable cause to believe [that Green] discriminated against [Goldberg] in violation of Article 49B of the Annotated Code of Maryland."

On February 17, 1984, Goldberg filed suit in the United States District Court for the District of Maryland, alleging that Green had terminated him because of his age, in violation of Goldberg's rights under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (1982 & Supp. III 1985). Goldberg also alleged that Green's actions had violated Maryland laws against age discrimination. *See* Md.Code Ann. art. 49B, § 16 (1986).

Upon the completion of discovery, the district court granted Green's motion for summary judgment, noting that Goldberg had produced no direct or circumstantial evidence of age discrimination other than his own conclusory opinion. The court also referred to the fact that Goldberg was replaced by someone also within the class of persons protected by the ADEA. *See* 29 U.S.C. § 631(a). Therefore, the court held, Goldberg could not make out a prima facie case of age discrimination by using the "rebuttable presumption" method of proof established by *McDonnell–Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny. The district court also dismissed Goldberg's pendent state claims in view of its summary judgment grant in favor of Green as to Goldberg's federal claims.

## II.

In reviewing a grant of summary judgment, our inquiry is essentially the same as that undertaken by the district court, namely, whether the moving party, Green, has shown "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Green's burden may be discharged by demonstrating that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

To establish a cause of action under the ADEA, Goldberg must prove, *inter alia*, that, but for Green's motive to discriminate against him because of his age, he would not have been fired. *See Lovelace v. Sherwin–Williams Co.*, 681 F.2d 230, 238 (4th Cir.1982), *quoting from Spagnuolo v. Whirlpool Corp.*, 641 F.2d 1109, 1112 (4th Cir.), *cert. denied*, 454 U.S. 860, 102 S.Ct. 316, 70 L.Ed.2d 158 (1981).[3]

Goldberg can prove that age was a determining factor in his termination in one of two ways:

[The plaintiff] may meet [his] burden "under ordinary principles of proof by any direct or indirect evidence relevant to and sufficiently probative of the issue." ... Alternatively, [he] may rely on the judicially created proof scheme for Title

---

2. Goldberg claims that he paid Riffey out of his own pocket for the time and materials Riffey used to construct the doghouse.

3. Goldberg must also prove that he is protected by the ADEA, and has "suffered an unfavorable

employment action." *Lovelace*, 681 F.2d at 238. Plaintiffs can usually prove these two elements without any trouble, *see id.* at 239, and, indeed, that is the case here.

VII cases ... which has been adapted for application in ADEA litigation.

*EEOC v. Western Electric Co., Inc.*, 713 F.2d 1011, 1014 (4th Cir.1983) (citations omitted). The district court concluded that Goldberg had not produced enough evidence of discrimination to maintain his action under either method of proof. We agree.

## A.

■ To meet his burden under ordinary principles of proof, Goldberg must produce direct evidence of a stated purpose to discriminate and/or circumstantial evidence of sufficient probative force to reflect a genuine issue of material fact. *Cf. Lovelace*, 681 F.2d at 240 (discussing burden in directed verdict context). As the district court noted, Goldberg has failed, after having been afforded full discovery, to produce *any* evidence of age discrimination. Goldberg's own naked opinion, without more, is not enough to establish a prima facie case of age discrimination. *See Locke v. Commercial Union Ins. Co.*, 676 F.2d 205, 206 (6th Cir.1982) (per curiam); *Kittredge v. Parker Hannifin Corp.*, 597 F.Supp. 605, 609–10, 610–11 (W.D.Mich. 1984). Conclusory assertions that Green's state of mind and motivation are in dispute are not enough to withstand summary judgment. *See Zoby v. American Fidelity Co.*, 242 F.2d 76, 80 (4th Cir.1957).

On appeal, Goldberg urges us to consider certain pieces of circumstantial evidence from which he claims a jury could infer age discrimination. Specifically, he argues that the Commission's "probable cause" findings, Green's hiring of an unnamed younger employee, and the incredible nature of Green's stated reason for firing him are enough to establish his case, at least on a prima facie basis.

With respect to the Commission's probable cause findings, we note that while Green filed in the court below a motion *in limine* to exclude the Commission's findings from admission into evidence at trial, the district court had not ruled on that motion at the time it granted summary judgment. Therefore, for purposes of this appeal, we assume that the Commission's findings constituted admissible evidence.[4] But even after making that assumption, we must conclude that the Commission's findings are not sufficiently probative to create a genuine issue of material fact about Green's intent to discriminate on the basis of age. The Commission's report merely repeats facts which Goldberg himself alleges elsewhere in this case, and then states in conclusory fashion that those facts reflect age discrimination. Such findings, standing alone, are not enough to salvage Goldberg's claim. *Cf. Johnson v. Yellow Freight System, Inc.*, 734 F.2d 1304, 1309 (8th Cir.), *cert. denied*, 469 U.S. 1041, 105 S.Ct. 525, 83 L.Ed.2d 413 (1984) (EEOC findings not sufficiently probative when they merely restate facts independently presented to the jury and where the finding by the EEOC of discrimination was otherwise conclusory).

■ As additional evidence of discriminatory intent, Goldberg also offers to prove that in 1984, some two years after Goldberg was fired, Green hired an as yet unnamed employee who was outside the age group protected by the ADEA, *see* 29 U.S.C. § 631(a), to perform some of Goldberg's former duties.[5] Goldberg did not present that information to the district court by affidavit, as he was required to do in order to withstand a motion for summary judgment. *See Celotex*, 106 S.Ct. at 2553. In fact, at the time the district court granted summary judgment, Goldberg had not disputed the fact that Green had promoted a man older than Goldberg to take Goldberg's place. In short, a conclusory proffer not made until after appeal is noticed is simply too little too late to enable Goldberg to avoid summary judgment.

---

**4.** While the admission of such findings is within the discretion of the district court, *see Cox v. Babcock and Wilcox Co.*, 471 F.2d 13, 15 (4th Cir.1972) (relying on *Smith v. Universal Services, Inc.*, 454 F.2d 154, 160 (5th Cir.1972) (Dyer, J., dissenting)), such findings may be more prejudicial than probative. *Smith*, 454 F.2d at 160–61 (Dyer, J., dissenting).

**5.** The statutorily protected class consists of persons between the ages of forty and seventy.

Finally, Goldberg contends that he is entitled to introduce as part of his prima facie case evidence which rebuts Green's stated reason for dismissing him. Goldberg argues that Green's reasons for firing him are "so incredibly outrageous" that a genuine issue of material fact exists as to whether Green intended to discriminate against him. Appellant's Brief at 12.[6]

While that type of evidence may tend to demonstrate that Green's termination of Goldberg was arbitrary, it does not reflect any intent to discriminate on the basis of *age*. Goldberg cannot avoid summary judgment in this case simply by refuting Green's non-age-related reasons for firing him. "There is no automatic presumption that every termination of an employee between the ages of 40 and 70 results in a violation of the [ADEA]." *Locke*, 676 F.2d at 206. To permit Goldberg to maintain his case based on the aforementioned rebuttal evidence would create exactly such a presumption, thereby "plac[ing] on employers a burden which Congress never intended." *Id.*

### B.

Because it is difficult to prove discriminatory intent under ordinary principles of proof, a "judicially created proof scheme for Title VII cases" may be "properly adapted" to the requirements of an ADEA case. *Lovelace*, 681 F.2d at 239. Our prior opinions plainly indicate that in order to invoke the benefit of that alternative proof scheme, a plaintiff in Goldberg's shoes must meet four specific requirements:

(1) the plaintiff is in the protected age group; (2) the plaintiff was discharged or demoted; (3) at the time of discharge or demotion, the plaintiff was performing his job at a level that met his employer's legitimate expectations; and (4) *following his discharge or demotion, the plaintiff was replaced by someone of comparable qualifications outside the protected class.*

6. For example, Goldberg offers evidence to document his allegations that he paid for the doghouse which Riffey built, despite Green's accusation to the contrary.

7. The fact that Goldberg cannot go forward under the proof scheme discussed in Part II(B)

*Western Electric*, 713 F.2d at 1014 (emphasis added; citations omitted).

In the instant case, Goldberg can meet those first two requirements. *See supra* note 3. But even assuming that Goldberg also can meet the third requirement, *i.e.*, that his performance was satisfactory at the time he was discharged, Goldberg cannot meet the final requirement. As the district court concluded, there is no dispute over the fact that Goldberg was replaced by the fifty-six-year-old Martin Snyder, a man well within the class of persons which the ADEA protects, and also six years *older* than Goldberg. Because Goldberg cannot meet the fourth requirement, he cannot make out a prima facie case of age discrimination under the alternative proof scheme.[7]

### III.

Finally, Goldberg complains that the district court should not have dismissed Goldberg's pendent state claims arising under Md.Code Ann. art. 49B. Having decided to dismiss Goldberg's claims of age discrimination under federal law, the district court was entirely correct simultaneously to dismiss Goldberg's state-law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725–27, 86 S.Ct. 1130, 1138–40, 16 L.Ed.2d 218 (1966); *Hicks v. Southern Maryland Health Systems Agency*, 737 F.2d 399, 405 (4th Cir.1984).

Accordingly, the judgment of the district court is affirmed in all respects.

AFFIRMED.

does not in any way mean that, for that reason, Goldberg may not meet his burden under ordinary principles of proof. However, in this case, for the reasons set forth in Part II(A) of this opinion, Goldberg has not met that burden.