848 F.2d 185
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eugene HUGHES, Plaintiff-Appellant,
v.
INTERNATIONAL BUSINESS MACHINES CORP., Defendant-Appellee.
 No. 87-3087.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 4, 1988.
Decided: May 26, 1988.
 
 Norris C. Ramsey (Norris C. Ramsey, P.A., on brief), for appellant.
 Jeffrey G. Huvelle (Covington & Burling, Richard J. Sweetnam, International Business Machines Corporation, on brief), for appellee.
 Before JAMES DICKSON PHILLIPS, MURNAGHAN and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Eugene Hughes, a black employee of IBM for over 20 years, appeals the summary dismissal of his job discrimination suit brought under 42 U.S.C. Sec. 2000e, et seq., and 42 U.S.C. Sec. 1981. Specifically, he challenges the dismissal of his salary and promotion claims. We affirm.
 
 I.
 
 2
 Hughes has since 1976 worked in IBM's Health Industry Marketing Group. From 1976-1986, he had been supervised at different times by two white males and one black female. During this period he has made a number of unsuccessful claims of race discrimination against his employer. He filed two formal internal complaints of racial discrimination in the early 1970s. Since 1978, Hughes has filed charges with the EEOC four times, alleging unlawful racial discrimination or retaliation for protected activities. He was a member of a class on whose behalf the EEOC filed suit against IBM in 1980. He testified in that trial in 1983 for four days. The suit was resolved in IBM's favor and the court specifically found that Hughes had not been discriminated against. See EEOC v. International Business Machines Corp., 583 F.Supp. 875 (D.Md.1984). The period at issue here is subsequent to that at issue in the prior suit, essentially 1983-86.
 
 
 3
 Hughes instituted the present action on November 25, 1985. He alleged discrimination during the post-1983 period in regard to (1) salary, in that his monthly salary was below the minimum monthly salary for his level of employment in contravention of IBM policy, (2) promotion, in that he had not been promoted to several positions though he was more qualified than the white employees ultimately promoted, (3) performance evaluations and plans, and (4) job assignments. IBM moved for summary judgment. Noting the ample time for discovery and reviewing the forecast of Hughes' evidence, the district court granted IBM's motion as to all of Hughes' claims.
 
 
 4
 This appeal followed.
 
 II
 
 5
 To make out his salary claim, Hughes took his W-2 statement for the years in question and divided the total annual salary they reflected by 12 to get an average W-2 monthly salary. He compared these figures to the minimum monthly salary for his job classification, which he is required to be paid, and claims that this comparison proves that this requirement is not being met.
 
 
 6
 IBM submitted the affidavit of Charles Borsavage, Manager of Compensation programs at IBM, who reviewed Hughes' salary history with the company during the relevant period. He explained that each salary is assigned to a given level and that there is a range within that level to reflect varying degrees of performance. When new salary levels are issued, some employees may be temporarily below the new minimum, but managers are expected to act to restore the employees to their appropriate salary over the year. The effective dates of the minimum salary figures for Hughes' job classification, were as follows:
 
 
 7
 Effective Date of New Ranges Minimum for Level 58
 9/13/82 $3630 per month
 1/1/84 $3705 per month
 1/85 $3775 per month
 1/86 3865 per month
 Hughes' actual salary figures for the same period were:
DATE MONTHLY SALARY ANNUAL SALARY
11/82 $4208 $50,496
3/84 $4458 $53,496
7/85 $4725 $56,700
 
 
 8
 Borsavage explained that each salary range is divided into quartiles and that over time, an employee's salary should correspond to the level of his sustained performance evaluations. He testified that (1) Hughes' monthly salary was never below the minimum for his job classification, and (2) Hughes' salary did correspond to the appropriate quartile by the end of each salary program.
 
 
 9
 The district court correctly determined that Hughes' submissions did not put in genuine dispute the correctness of IBM's submissions demonstrating that Hughes had indeed received salary in accordance with the minimum requirements. Even more fundamentally, Hughes' submissions failed to suggest that his salary payments, whatever these amounts, were discriminatorily lower than those paid comparably positioned white employees. Summary judgment was entirely proper with respect to the salary claim.
 
 III
 
 10
 The district court also granted summary judgment on Hughes' promotion discrimination claim because Hughes had failed to establish a prima facie case of discrimination under the McDonnell Douglas four-prong test. The court found that Hughes proffered no forecast of evidence that he was qualified for the jobs noted in his claim nor any but wholly speculative indication that race played a part in the selection process for those jobs.
 
 
 11
 In response to IBM's summary judgment motion, Hughes listed at least 6 jobs which went to white employees and for which he believed himself qualified. He proffered no substantiation beyond his own unsupported personal belief in his qualification. He did not identify the qualifications used by IBM to award the jobs nor proffer any explicit comparison of the white employees' qualifications with his own. Hughes' assertions of his beliefs and conclusory assessments of his own and others' qualifications fail to make out a prima facie case. Cf. Goldberg v. B. Green and Co., 836 F.2d 845 (4th Cir.1988) (age discrimination).
 
 
 12
 Considering Hughes' ample opportunities for discovery, summary judgment was also appropriate on this claim.
 
 
 13
 AFFIRMED.