885 F.2d 865
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Patricia S. MAMMAY, Plaintiff-Appellant,
v.
J. ARTHUR DOSHER MEMORIAL HOSPITAL, Arthur Pittman,
Defendants-Appellees.
 No. 88-2653.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1989.
Decided Sept. 19, 1989.
 
 Anthony L. Register (Peters, Register, Satterfield & Mitchell on brief) for appellant.
 Michael Murchison (Murchison, Taylor, Kendrick, Gibson & Davenport on brief) for appellees.
 Before K.K. HALL, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and THOMAS SELBY ELLIS, III United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Patricia Mammay brought this discrimination action under Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e et seq. against her former employer, J. Arthur Dosher Memorial Hospital ("the hospital"), and her former supervisor at the hospital, Arthur Pittman. The district court granted the defendants' motion for summary judgment on the ground that Mammay failed to make a prima facie showing of sex discrimination. We hold that on the facts presented, summary judgment was proper and we affirm.
 
 I.
 
 2
 The material facts are not in dispute. Mammay worked in the administrative office of the defendant hospital from 1982 to 1986 as personnel and payroll director. Although males work in other departments in the hospital, the administrative office is composed solely of females. In 1985, Arthur Pittman became hospital administrator. As such, he had responsibility over the operation of the administrative office.
 
 
 3
 This case revolves around a coffee pot located in the administrative office. Sometime in the fall of 1985, Pittman's secretary, Hannah Hall, met with him and complained about the fact that she was making coffee for others who drank the coffee but never made it. She asked that she be relieved of her coffee making duties. When Pittman denied that request and ordered her to continue making the coffee, Mammay volunteered to help Hall with the coffee making. This arrangement continued for several months until February 18, 1986, when Pittman posted a coffee duty list assigning weekly coffee making duty to every member of the administrative office except himself and two female senior managers.
 
 
 4
 Several employees approached Pittman and complained about the list. Mammay made her opposition to the list known to her coworkers and discussed the coffee issue with various employees on a number of occasions. During the week of March 11, Mammay refused to make the coffee and told Pittman that she "did not choose to participate," and that the list discriminated against women. At a meeting two days later, Pittman explained that the coffee duty list was in response to the bickering that was occurring among employees and that the purpose of the list was to encourage the employees to work as a team. Mammay voiced her opposition to the list at the meeting. Following the meeting, she was suspended because of her public refusal to cooperate.
 
 
 5
 On March 17, Pittman, Mammay and one of the managers of the administrative office met and Mammay reiterated her opposition to the list and her refusal to participate in the coffee making. Pittman informed Mammay that he had amended the list and added his own name and those of the senior managers in the administrative office. He then gave Mammay a disciplinary action report citing her for creating disunity among the employees and notified her that she was being relieved of her duties as personnel manager. Mammay was then offered a transfer to a lower paid position as a terminal operator in another department. On March 20, Mammay declined the transfer and resigned.
 
 
 6
 Mammay subsequently filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") alleging that the posting of a coffee duty list and her transfer and demotion were the result of sex discrimination by the defendants. The EEOC found no reasonable cause to believe the allegations of discrimination were true and notified Mammay of her right to sue. Mammay filed this action charging defendants with sex discrimination in violation of Title VII, 42 U.S.C. Sec. 2000e et seq. The district court granted summary judgment for the defendants because Mammay's allegations failed to state a prima facie case of discriminatory treatment on the basis of sex. Mammay appeals.
 
 II.
 
 7
 On appeal, Mammay contends that the district court erred in granting summary judgment in view of the facts presented. She argues that the court overlooked evidence showing discriminatory intent on the part of Pittman and evidence showing that her transfer was in retaliation for her views about the coffee duty list. She also argues that the coffee duty list had a disparate impact on female employees at the hospital.
 
 
 8
 Our standard for reviewing a grant of summary judgment is whether the moving parties have demonstrated that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. Goldberg v. B. Green & Co., 836 F.2d 845, 847 (4th Cir.1988). We find that the district court was correct in holding that the defendants in this case were entitled to summary judgment under this standard.
 
 
 9
 We begin by recognizing that federal law forbids employment practices which involve disparate treatment of employees on the basis of sex. 42 U.S.C. Sec. 2000e-2(a)(1). To establish a violation of the law, Mammay must prove that her employer's actions were motivated by considerations of sex, i.e., she must establish intentional discrimination. Monroe v. Burlington Industries, Inc., 784 F.2d 568, 571 (4th Cir.1986). This burden can be met through direct evidence, by introducing statements of the defendant, or through circumstantial evidence which is both relevant to and probative of showing discriminatory intent. Moore v. City of Charlotte, 754 F.2d 1100 (4th Cir.1985).
 
 
 10
 The order of proof and the allocation of burdens in Title VII cases is well-established:
 
 
 11
 First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.
 
 
 12
 Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).
 
 
 13
 We find that the district court was correct in holding that Mammay failed to make a prima facie case of discrimination. The fatal defect in her case is that she failed to show that the posting of the coffee duty list was motivated by considerations of sex. She was unable to show that comparably situated males were excluded from the list because there were no males in the administrative office. The three people initially omitted from the list were Pittman and the two female senior managers in the office. This may show discrimination on the basis of rank but certainly does not show discrimination on the basis of gender.
 
 
 14
 Mammay's argument that the coffee duty list had a disparate impact upon females because no list was posted in other departments is meritless. She did not present any evidence on this point even as to whether other departments had coffee pots.
 
 IV.
 
 15
 Because Mammay failed to adduce evidence that she was discriminated against on the basis of sex, she has failed to show a violation of Title VII and the district court was correct in granting summary judgment for the defendants.
 
 
 16
 Accordingly, the judgment of the district court is affirmed.
 
 
 17
 AFFIRMED.