### Daniel R. LEONARD

v.

### GOULD, INC.; Gould, Inc. t/a Advanced Systems Development Division.

Civ. No. S 88–2902.

United States District Court,
D. Maryland.

Jan. 26, 1990.

See also 914 F.2d 250.

David Fishman, Washington, D.C., John V. Murphy, Catonsville, Md., for plaintiff.

John G. Kruchko, Jay R. Fries, Baltimore, Md., for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This ADEA case is before the Court on the parties' cross-motions for summary judgment, which have been fully briefed. No oral argument is needed.

Upon full consideration of the motions, memoranda, and exhibits, the Court is of the opinion that defendant is clearly entitled to judgment in its favor as a matter of law, in that there is no genuine dispute of material fact. Fed.R.Civ.P. 56(c). On this record, no reasonable fact-finder could conclude other than that Mr. Leonard, 51 years of age at the time he was terminated as Program Manager of defendant's Mirador Program, was replaced in that job by Mr. James Moore, then 55 years of age. The arguments in plaintiff's opposition memorandum at pp. 10–13 do not generate a genuine factual dispute, given that no reasonable fact-finder could disregard both the deposition testimony of numerous Gould personnel (Luckey, Bajus, and Loggans) and the personnel forms showing Moore's promotion as establishing, by a preponderance of the evidence, *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), that Leonard was replaced in his job by Moore, an individual older than he.[1] Thus, plaintiff cannot establish a *prima facie* case under Fourth Circuit case law, in the absence of "ordinary" proof of intentional discrimination. *Goldberg v. B. Green & Co., Inc.,* 836 F.2d 845, 849 (4th Cir.1988). There is no direct evidence, in this record, of intentional discrimination, and the cir-

---

1. Plaintiff's assertion that he had ancillary duties that devolved on others when he left Gould is insignificant. Responsible, high-ranking individuals frequently are given or assume duties that go beyond their job descriptions, but the relevant question here is, who got Leonard's job when he left? The answer is Moore.

cumstantial evidence consisting of highly questionable statistical analysis alone,[2] is insufficient to survive summary judgment, given the plain fact that Moore was older than Leonard. Common sense teaches that one who intends to discriminate against an older person because of age does not replace the victim with a still older individual. The ADEA is not a vehicle by which any displaced worker over 40 may have a federal judge and jury review the merits of his or her job performance or the demerits of his or her termination; age-intentional discrimination must be shown, which is not the case where the worker is replaced by an older employee than he. *Id.*

For the reasons stated, an order will be entered separately, granting defendant's motion for summary judgment, denying plaintiff's like motion, and entering judgment in defendant's favor.

**2.** The statistical analysis, of dubious weight anyway when relied on as the sole evidence of discrimination, see, e.g., *Warren v. Halstead,* 802 F.2d 746, 753 (4th Cir.1986), is flawed by inappropriate data bases and methodology. When viewed in comparison with defendant's statistical analysis, it is insufficient to create a triable issue, especially in light of the plain fact that plaintiff's replacement was older than he.