940 F.2d 652
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dorothy T. HILL, Plaintiff-Appellant,
v.
QUANTUM RESOURCES CORPORATION, a Virginia corporation,
Defendant-Appellee.
 No. 90-2436.
 United States Court of Appeals, Fourth Circuit.
 Argued May 7, 1991.
Decided Aug. 13, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (CA-90-97-R)
 Jay J. Levit, Levit & Mann, Richmond, Va., for appellant.
 Thamer Eugene Temple, III, McSweeney, Burtch & Crump, Richmond, Va., (Argued), for appellee; Jack W. Burtch, Jr., McSweeney, Burtch & Crump, Richmond, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and ROBERT J. STAKER, United States District Judge for the Southern District of West Virginia, sitting by designation, and FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Dorothy T. Hill brought suit against her former employer Quantum Resources Corporation (Quantum) alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. Secs. 621 et seq. (1976) ("ADEA"). Hill claimed that Quantum discriminated against her on account of her age; however, she offered no evidence of such discrimination except for her own conclusion that age was a factor and a single ambiguous statement that possibly could be construed as discriminatory. In response to Hill's allegations, Quantum offered affidavits indicating that Hill was unable to adapt to the company's use of a new computer system.
 
 
 2
 Hill offered no direct evidence that age was a determining factor in the decision to terminate her. Therefore, to prevail, Hill had to make out a prima facie case of discrimination under the shifting burdens test first set out McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). This shifting burdens scheme was adapted for application in ADEA litigation. EEOC v. Western Elec. Co., 713 F.2d 1011, 1014 (4th Cir.1983).
 
 
 3
 In order to make out a prima facie ADEA case, Hill had to show that: (1) she was in the protected age group; (2) she was discharged; (3) at the time of her discharge, she was performing her job at a level that met her employer's legitimate expectations; and (4) following her discharge, Hill was replaced by someone of comparable qualifications outside the protected class. Goldberg v. B. Green & Co., 836 F.2d 845, 849 (4th Cir.1988). Quantum moved for summary judgment on the ground that Hill offered no evidence to meet the third prong of her prima facie case. After a hearing on the motion, the district court agreed with Quantum and granted summary judgment in Quantum's favor.
 
 
 4
 We agree with the district court that summary judgment in favor of Quantum was proper. The district court could not find any reasonable basis to distinguish Pfeifer v. Lever Brothers Co., 693 F.Supp. 358 (D.Md.1987), aff'd, 850 F.2d 689 (4th Cir.1988), and granted summary judgment under the rationale of Pfeifer. Like the district court, we can find no reasonable ground for distinguishing Pfeifer and are persuaded that summary judgment in this case was proper. This case lacked any real evidence of age discrimination. Further, Hill has presented no evidence to refute Quantum's demonstration that Hill was not performing at a level that met Quantum's legitimate expectations at the time of her discharge.
 
 
 5
 In sum, we agree with the reasoning of the district court in this case. Therefore, we affirm the order granting summary judgment in favor of Quantum.
 
 
 6
 AFFIRMED.