**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HY NGUYEN,
Plaintiff-Appellant,

v.

JOHN DALTON, Secretary of the
Navy,
Defendant-Appellee.

No. 95-2269

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-94-1568-A)

Argued: May 6, 1996

Decided: August 20, 1996

Before WIDENER and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Sol Zalel Rosen, Washington, D.C., for Appellant. Dennis Edward Szybala, Assistant United States Attorney, Alexandria, Virginia, for Appellee. **ON BRIEF:** Kenneth B. Wills, Norfolk, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Hy Thi Nguyen sued the Secretary of the Navy, alleging that, by failing to promote her, the Navy had discriminated against her in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34 (1988 & Supp. 1996), and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to e-17 (1988 & Supp. 1996). Specifically, Nguyen claims the Navy's refusal to promote her was based on her age, sex, race, and national origin. The Navy moved for, and was granted, summary judgment as to each of these claims. Nguyen now appeals the district court's judgment; finding no error, we affirm.

I.

Nguyen was born in Vietnam and came to the United States in 1975. In 1987, she went to work as an electronics engineer at the Naval Sea Combat Systems Engineering Station[1] in Norfolk, Virginia. When she began, her civil service grade was GS-7; upon completing her training, she was promoted to GS-9. By 1989, she had been promoted to GS-11, which is the full performance level for her position.

Nguyen's direct supervisor, Dan Rodgers, was consistently satisfied with Nguyen's performance. As a result, Rodgers twice tried to create a new position at the grade of GS-12, hoping that Nguyen would be awarded this position. The Navy rejected both requests because it was then subject to a hiring freeze or other personnel restrictions.

_____

[1] In 1991, the Station was reorganized and renamed the Naval Undersea Warfare Center Detachment Norfolk.

2

Unsatisfied with these results, Nguyen requested that her position be audited to determine whether, as she claimed, she was actually performing GS-12 level duties while only being paid as a GS-11. In March of 1992, Personnel Management Specialist Arthur D. Zicafoose performed a "desk audit" of Nguyen's position; this audit involved meeting with Nguyen and Rodgers to discuss the various tasks Nguyen performed. After the audit, Zicafoose concluded that, although Nguyen had performed some genuine engineering work, she was spending the great bulk of her time doing textual edits of technical documents. Such editing, Zicafoose found, usually did not require the knowledge of a professional engineer. Accordingly, he recommended that Nguyen's position not be upgraded to GS-12.

Asserting that Zicafoose and others had conspired to falsify the results of the desk audit, Nguyen filed her first administrative Equal Employment Opportunity complaint against the Navy, alleging discrimination on the basis of age, race, sex, national origin, and religion.[2] Nguyen would eventually file a total of six complaints, all of which were consolidated and, eventually, dismissed by an ALJ.[3]

In August of 1992, while her original EEO claim was pending, Nguyen requested and received a transfer to another engineering work group known as "Code 10." By early 1993, Nguyen had begun complaining of headaches, which she attributed to stress at work. She then went on sick leave and, with the exception of one day, never returned to work for Code 10.[4]

_____

[2] Nguyen is a Buddhist.

[3] The ALJ found that the complaints had been mooted by Nguyen's failure to accept the Navy's settlement offer, which the ALJ determined was a "full and complete remedy." JA 441. Because we will decide this case on the merits, we need not address the mootness grounds relied on by the ALJ.

[4] It was during this sick leave that Nguyen filed her additional EEO complaints. She also filed a workers' compensation claim with the Department of Labor, claiming that her headaches and other mental problems had been caused by her employment. The DOL dismissed this claim, determining that Nguyen's injuries had not been caused by her employment. JA 405.

3

In 1994, the Navy notified Nguyen that, because of a general reorganization, the activities with which she was involved in Norfolk were being transferred to Newport, Rhode Island. Along with other options, the notice allowed Nguyen to transfer to Newport; it further explained that, if Nguyen did not respond within forty-five days, she would be deemed to have accepted the transfer. Several months later, when the Navy notified her that she would be treated as having accepted the transfer, Nguyen refused to be transferred. The Navy then terminated her employment for failure to accept the transfer.

Soon before her termination, Nguyen filed this action in the District Court for the Eastern District of Virginia, claiming that the Navy had violated the ADEA and Title VII by failing to promote her to GS-12. Specifically, Nguyen claimed that the Navy's failure to promote her had been based on her age, sex, national origin, and race. The Navy moved for summary judgment and, after a hearing, the district judge granted the Navy's motion from the bench. Nguyen now appeals.

II.

Nguyen contends that the district court erred in granting the Navy's motion for summary judgment as to her ADEA claim, as well as her various Title VII claims, all of which essentially allege discriminatory failure to promote. Reviewing de novo the district court's decision, we conclude that Nguyen has failed to make out a prima facie case of discrimination on any of her claims.

Although the ADEA and Title VII address different types of employment discrimination, the methods by which a plaintiff may prove discrimination under either statute--at least in the "failure to promote" context--are essentially the same. Compare Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 958-60 (4th Cir. 1996) (Title VII failure to promote), and Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994) (same), with Barber v. CSX Distrib. Servs., 68 F.3d 694, 698 (3d Cir. 1995) (applying Title VII proof scheme to ADEA failure-to-promote claim). Accordingly, Nguyen may prove her claims in either of two ways: (1) by presenting sufficient direct or circumstantial evidence to prove by a preponderance that the Navy's failure to promote was driven by a discriminatory purpose, or

4

(2) by using the inferential proof scheme established for Title VII cases by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Nguyen appears not to--and we are convinced that she could not--proceed by offering direct or strong circumstantial evidence of discrimination. Accordingly, she may succeed, if at all, only by using the McDonnell Douglas three-step proof scheme. Under this scheme, the plaintiff must first present a prima-facie case, which raises an inference of discrimination. Evans, 80 F.3d at 959. The employer may then rebut this inference by offering a legitimate, nondiscriminatory reason for its actions; if it does so, the inference "drops from the case." Id. (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993)). By presenting such a reason, the employer shifts the burden of production--which at this point merges with the ultimate burden of persuasion--back to the plaintiff, who must then prove that the employer's proffered reason was mere pretext for its true, discriminatory purpose. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); Evans, 80 F.3d at 959.

We conclude that Nguyen cannot succeed under this scheme because she cannot establish a prima facie case. To make out a prima facie case of discriminatory failure to promote under either the ADEA or Title VII, Nguyen must show the following:

> (1) [she] is a member of a protected group; (2) [she] applied for the position in question; (3) [she] was qualified for the position; and (4) [she] was rejected for the position under circumstances giving rise to an inference of unlawful discrimination.

Carter, 33 F.3d at 458. Here, there is no question that Nguyen fits into the appropriate protected classes. She is over forty, hence is protected by the ADEA. Furthermore, as an Asian woman who was born in Vietnam, Title VII protects her from discrimination based on her race, sex, and national origin. Also, because Nguyen did seek to be promoted to GS-12, she satisfies the second element of the prima facie case.

There is some dispute whether Nguyen satisfied the third element, that is, whether she was qualified for an upgrade to GS-12. Nguyen

5

and Rodgers both believed that she was qualified for the upgrade, but Zicafoose, after conducting a desk audit, disagreed. But we need not decide whether Nguyen has satisfied this element because she clearly cannot satisfy the final element: Nothing about the denial of her promotion suggests unlawful discrimination. In support of her claim, Nguyen offers only her own speculation as to her supervisors' motives; such evidence is insufficient to sustain a prima facie case. See Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988) ("[Plaintiff's] own naked opinion, without more, is not enough to establish a prima facie case of age discrimination."); Evans, 80 F.3d at 959 (reciting Goldberg's rule in Title VII case). Accordingly, the district court properly granted summary judgment as to Nguyen's ADEA and Title VII claims.

III.

For the reasons stated above, the district court's judgment is hereby

AFFIRMED.