Andrea G. BRIGGS

v.

**John H. DALTON, Secretary of the Navy.**

**No. CIV.A. CCB–95–3064.**

United States District Court,
D. Maryland.

April 14, 1997.

Andrea G. Briggs, pro se.

Lynne A. Battaglia, U.S. Atty., Donna C. Sanger, Office of the U.S. Atty., Baltimore, MD, for Defendant.

## MEMORANDUM

BLAKE, District Judge.

Andrea Briggs, an African–American female who works as a Health Systems Specialist, GS–12, with the National Navy Medical Center ("NNMC") located in Bethesda, Maryland has sued the Navy under the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1202 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Ms. Briggs alleges that she suffered discrimination because of her race and sex, and that she suffered retaliation because of her filing of an EEO complaint and identification of a problem in software scheduled for use in the NNMC that put patients at risk of harm. Now pending are cross-motions for summary judgment filed by the plaintiff and the defendant. The defendant's motion for summary judgment only addresses the plaintiff's Title VII claims. No hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, the defendant's motion for summary judgment will be granted, and the plaintiff's motion for summary judgment will be denied without prejudice.

Ms. Briggs contends that the defendant discriminated against her because of her race and sex, and retaliated against her for filing an EEO complaint in violation of Title VII. Ms. Briggs specifically complains she was: (1) reassigned and stripped of her supervisory responsibilities; (2) denied a promotion; (3) rated unfairly; (4) unsupported by management; (5) given incomplete assignments; (6) not given assignments appropriate to her position and prevented from using the training that she had been given; and (7) not given training appropriate to her position. Based on this record, the court finds that only Ms. Briggs' alleged reassignment, denial of promotion, and lower performance rating appear to qualify as adverse employment actions for which Ms. Briggs may recover. *See Page v. Bolger,* 645 F.2d 227, 233 (4th Cir.) ("[T]here are many interlocutory or mediate decisions having no immediate effect upon employment conditions which were not intended to fall within the direct proscriptions of ... Title VII."), *cert. denied,* 454 U.S. 892, 102 S.Ct. 388, 70 L.Ed.2d 206

(1981); *Caussade v. Brown,* 924 F.Supp. 693, 700–01 (D.Md.1996).

■ Assuming, without deciding, however, that Ms. Briggs has made a prima facie case of discrimination or retaliation for these actions, she has failed in her ultimate burden of proof, because she has not demonstrated that the defendant's legitimate business reasons for its actions are pretextual. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 507–508, 113 S.Ct. 2742, 2747–2748, 125 L.Ed.2d 407 (1993). The defendant introduced evidence that Ms. Briggs' assignment as head of Special Projects and the accompanying supervisory responsibilities were temporary and not to exceed 120 days. (See Administrative Record at pp. 56, 251, Def.'s Mot. Summ. J.) The defendant also explained that Ms. Briggs was not promoted or upgraded, because the actual work that she performed did not qualify her for the promotion that she sought. (*See* Petersen Aff. ¶¶ 1–2, 4, Administrative Record at pp. 156–57, Def.'s Mot. Summ. J.) Finally, the defendant introduced evidence indicating Ms. Briggs received her interim fully successful rating—instead of a rating of outstanding or exceeds fully successful—because she failed to complete some assignments in a timely manner and failed to respond to her e-mail quickly enough. (*See* Administrative Record at pp. 56, 58–59, Def.'s Mot. Summ. J.) In response, Ms. Briggs has not submitted any persuasive evidence that these decisions were based on her race or sex, or were in retaliation for her filing an EEO complaint. Ms. Briggs has submitted virtually nothing but her own conclusory allegations to refute the defendant's evidence and cannot survive summary judgment on this basis. *See Goldberg v. B. Green and Co.,* 836 F.2d 845, 848 (4th Cir.1988); *Rudolph v. Hechinger Co.,* 884 F.Supp. 184, 188 (D.Md.1995). Accordingly, summary judgment will be granted in favor of the defendant.

In her motion for summary judgment and in subsequent submissions to the court, to support her claims, Ms. Briggs relies heavily upon the administrative record developed by the EEO office that initially investigated her claims. The EEO office also concluded that Ms. Briggs failed to demonstrate the defendant's offered legitimate reasons for its actions are pretextual. (*See* Report of Investigation at p. 1, Pl.'s Mot. Summ. J.) Although Ms. Briggs' office may be suffering through some management problems, (*see* Management Review dated 1/22/96, Pl.'s Addendum to Mot. Summ. J.), Ms. Briggs has failed to produce sufficient evidence that she was a victim of race or sex discrimination, or retaliation in violation of Title VII.

■ Even Ms. Briggs seems to feel that her primary right to relief arises out of her belief that her supervisors violated the CSRA. The CSRA prohibits an employee from taking personnel action against another employee for disclosure of information the disclosing employee reasonably believes evidences a specific danger to public health or safety. *See* 5 U.S.C. § 2302(b)(8)(A)(ii). The statute is designed to protect "whistleblowers" from reprisal. Ms. Briggs' complaint that her supervisors at the NNMC took prohibited personnel action against her after she identified a problem in some new software that potentially threatened the health of the NNMC's patients clearly involves conduct prohibited under § 2302(b)(8) of the CSRA. In its opposition to the plaintiff's motion for summary judgment, the defendant failed to respond to these allegations with any specific arguments. Because there may be a jurisdictional barrier to Ms. Briggs' claims under the CSRA, and because the statement of a third-party witness supporting her claim is not under oath, Ms. Briggs' motion for summary judgment will be denied without prejudice at this time. The court will give the defendant until May 15, 1997 to file a dispositive motion, if warranted, regarding the CSRA claims.