**Larry David BODEN, Plaintiff,**

v.

**U.S. AMADA LTD., Rick Pawell, Mickey Hirate & Judy Saguchi, Defendants.**

**No. 5:96–CV–37–BO(3).**

United States District Court,
E.D. North Carolina,
Western Division.

June 11, 1997.

---

Larry David Boden, Cary, NC, pro se.

Randel E. Phillips, Moore & Van Allen, Charlotte, NC, Andrew B. Cohen, Moore & Van Allen, Durham, NC, for Defendants.

TERRENCE WILLIAM BOYLE, Chief Judge.

This Matter is before the Court on Defendants' Motion for Summary Judgment. For the reasons stated below, Defendants' Motion is Granted.

## BACKGROUND

Plaintiff, who is acting *pro se*, has filed suit under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, against his former employer U.S. Amada Ltd. ("Amada") and three individual managerial employees. Plaintiff alleges that he was terminated because of his depression, which he contends is a disability covered by the ADA. Plaintiff has conducted no discovery in pursuit of his claim. Defendant Amada asserts that Plaintiff was fired as a result of his unsatisfactory work performance.

\* \* \* \* \* \*

Plaintiff began working for Amada, a company which sells metal forming machines, in June 1986. Plaintiff worked as Bending Products Specialist, which involved providing support for Amada's salesmen by giving demonstrations and training sessions to customers.

In January 1992, Plaintiff was diagnosed with depression and began taking several drugs to control the symptoms of depression. Plaintiff contends that his depression did not affect his ability to perform his job until after he was placed on a thirty day probation beginning January 20, 1995. Plaintiff's probation resulted from the continuing suspension of his driver's license for drunk driving and complaints from Amada's sales force about lack of timely communication and support.

On February 17, 1996, Plaintiff asked for and was granted paid leave to take care of personal problems. Plaintiff returned to work on March 22, 1996 as a probationary employee. Shortly thereafter, Plaintiff failed to attend a training session that he had personally arranged. As a result, Amada terminated Plaintiff on March 31, 1995.

On April 14, 1995, Plaintiff filed a Charge of Discrimination with the EEOC which only named Amada as a respondent. In the charge, Plaintiff alleged that he had been placed on probation, suspended, and fired because of his depression. On October 12, 1995, the EEOC, having failed to find any evidence of discrimination, issued a Dismissal and Notice of Rights.

Plaintiff filed the present suit on January 26, 1996. In addition to Amada, Plaintiff is suing three managerial employees of Amada who were not named as respondents in the Charge of Discrimination filed with the EEOC. The discovery period for this case closed on December 2, 1996. As of that date, Plaintiff had taken no depositions, served no interrogatories nor requested any documents.

## DISCUSSION

The ADA prohibits an employer with twenty-five or more employees from discriminating "against a qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a). An employer is not allowed to discriminate with regards to "job application procedures, the hiring, advancement, or discharges of employees, employee compensation, job training and other terms, conditions and privileges of employment." *Id.*

■ Prior to bringing an ADA action, Plaintiff must satisfy the jurisdictional prerequisite of filing a Charge of Discrimination with the EEOC which identifies each named defendant as a respondent. *See* 42 U.S.C. § 2000e–5(f)(1). This requirement serves two important purposes. "First, it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law." *Alvarado v. Board of Trustees of Montgomery Commu-*

*nity College*, 848 F.2d 457, 458–59 (4th Cir. 1988). Plaintiff's charge named only Amada, not the three individual managerial employees. Therefore, Plaintiff's claims against the individual Defendants are Dismissed for lack of jurisdiction. Plaintiff's action against Amada has jurisdiction to go forward.

In response to Plaintiff's allegation of discrimination, Amada contends that Plaintiff was fired because of poor job performance. In an ADA discharge case where the employer advances a legitimate, non-discriminatory justification for termination, the plaintiff employee has the initial burden of proving a *prima facie* case of discrimination by a preponderance of the evidence. *Ennis v. National Association of Business and Educational Radio, Inc.*, 53 F.3d 55, 58 (4th Cir.1995). This *prima facie* case consists of four prongs which Plaintiff must prove: (1) he is a member of a protected class; (2) he was discharged; (3) at the time of the discharge, he was performing his job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Id.* Plaintiff's evidence as to each of these elements "must be such that, if the trier of fact finds it credible, and the employer remains silent, the plaintiff would be entitled to judgment as a matter of law." *Id.* at 59.

■ Here, Plaintiff fails to establish several elements of his *prima facia* case. Plaintiff cannot show that he was performing his job at a level that met Amada's legitimate expectations. Prior to termination, Plaintiff was placed on probation due to the continuing suspension of his driver's license for drunk driving and complaints from Amada's sales force about lack of timely communication and support. Plaintiff was fired for violating his probation by failing to appear at a training session without telling anyone at Amada that he would be absent. Plaintiff offers no evidence to contradict his performance record. Thus, a trier of fact could not reasonably find that Plaintiff was performing at a satisfactory level at the time of his discharge.

■ In addition, Plaintiff is unable to meet the fourth prong of a *prima facia* case by demonstrating that his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. Plaintiff has offered no evidence other than his own belief and conclusory statements that he was discriminated against because of his depression. Plaintiff's own opinion, without supporting evidence, is not enough to establish discrimination. *Evans v. Technologies Applications & Service*, 80 F.3d 954, 959 (4th Cir.1996); *Goldberg v. B. Green & Co.*, 836 F.2d 845, 848 (4th Cir.1988). Because Plaintiff has failed to refute Amada's legitimate reason for termination, a trier of fact could not reasonably infer that Plaintiff was terminated as a result of discrimination.

In conclusion, Plaintiff fails to prove a *prima facia* case that he was discriminated against due to his depression. Accordingly, Defendant Amada's Motion for Summary Judgment is GRANTED.

SO ORDERED.