**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KATHY P. KNEZEVIC,
Plaintiff-Appellant,

v.

No. 97-1277

THE HIPAGE COMPANY,
INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, District Judge.
(CA-96-114-BR-2)

Submitted: November 6, 1997

Decided: November 21, 1997

Before WIDENER and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

H. C. Kirkhart, Cary, North Carolina, for Appellant. Dean T. Buckius,
VANDEVENTER, BLACK, MEREDITH & MARTIN, L.L.P., Nor-
folk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Kathy P. Knezevic appeals from the district court's order granting summary judgment in favor of Defendant, and dismissing her employment discrimination action alleging violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e-2(a)(1), 2000e(k) (West 1994), and a state law wrongful discharge claim. Specifically, she claims that her discharge by Defendant was improperly motivated by her gender and pregnancy.

Our review of the record and the district court's opinion discloses that this appeal is without merit. Even assuming that Knezevic established a prima facie case of employment discrimination,[1] we find that she failed to rebut the legitimate, nondiscriminatory reasons Defendant proffered to support its decision to terminate her.[2] Specifically, Knezevic offers no proof to counter Defendant's evidence that: (1) she had problems with her supervisor's conduct and business procedures; (2) she had a confrontation with a co-worker which required her supervisor's involvement; and (3) there were numerous customer complaints regarding her attitude and work ethic. Her conclusory assertions and unsubstantiated speculation as to Defendant's evidence are insufficient to stave off summary judgment. [3] Nor has Knezevic offered any evidence that these reasons Defendant offered to support its decision to terminate her were merely a pretext for intentional

_____

[1] **See McDonnell Douglas Corp. v. Green**, 411 U.S. 792, 802 (1973); Alvarado v. Board of Trustees, 928 F.2d 118, 121 (4th Cir. 1991). See also O'Connor v. Consolidated Coin Caterers Corp. , ___ U.S. ___, 64 U.S.L.W. 4243 (U.S. April 1, 1996) (No. 95-354).
[2] **See Texas Dep't of Community Affairs v. Burdine**, 450 U.S. 248, 254-56 (1981); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-35 (4th Cir. 1991).
[3] **See Goldberg v. B. Green & Co.** , 836 F.2d 845, 848 (4th Cir. 1988).

2

discrimination.**4** Accordingly, we cannot say that the district court's finding of non-discrimination was clearly erroneous. **5** Finally, because Knezevic's Title VII claim is without merit, the district court also properly dismissed her state law claim for wrongful discharge.

We therefore affirm on the reasoning of the district court. <u>Knezevic v. Hipage Co., Inc.</u>, No. CA-96-114-BR-2 (E.D.N.C. Jan. 28, 1997). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

**4** <u>**See Saint Mary's Honor Ctr. v. Hicks**</u>, 509 U.S. 502, 515-16 (1993).
**5** <u>**See Anderson v. City of Bessemer**</u>, 470 U.S. 564, 574 (1985).

3