**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DONNA HINES,
Plaintiff-Appellant,

v.

BALTIMORE GAS AND ELECTRIC
COMPANY,
Defendant-Appellee.

No. 96-1461

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Edward S. Northrop, Senior District Judge.
(CA-95-187-N)

Submitted: January 6, 1998

Decided: January 29, 1998

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donna Hines, Appellant Pro Se. Laurie Richman Bortz, Luther Ellis
Justis, Jr., Mark Thomas Hackman, BALTIMORE GAS & ELEC-
TRIC COMPANY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Hines appeals from the district court's order entering
judgment in favor of Baltimore Gas & Electric Company (BGE) in
this Title VII action. See 42 U.S.C.A. § 2000e-5(g) (West 1994 &
Supp. 1997). Appellant asserts eleven claims. Finding no reversible
error, we affirm.

First, Hines claims that the district court erred by granting BGE's
motion for summary judgment on her failure to promote claim.
Because Hines failed to exhaust the administrative remedies available
to her, she was procedurally barred from bringing this claim. See
Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962-63
(4th Cir. 1996) ("The allegations contained in the administrative
charge of discrimination generally operate to limit the scope of any
subsequent judicial complaint."). Accordingly, the district court prop-
erly dismissed this claim.

Hines also claims that she was denied rights secured by the Family
and Medical Leave Act of 1993 (FMLA), 29 U.S.C.A.§§ 2601-2618
(West Supp. 1996), and therefore, the district court improperly dis-
missed this claim. Because Hines failed to state a viable claim under
the FMLA, the district court properly dismissed this claim. See
Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988) (hold-
ing that a plaintiff's opinion that he was a victim of discrimination,
without more, is not enough to escape summary judgment).

Hines contends that the district court improperly ordered her to
refrain from introducing evidence regarding her FMLA claim, her
failure to promote claim, EEOC proceedings and documents, and
claims of assault and managerial disputes. Hines also asserts that the
court erroneously allowed BGE to introduce documents at trial that
were not timely produced. Because Hines has failed to demonstrate

2

that she was prejudiced, that her substantial rights were affected, or that the court abused its discretion, we find that the district court did not err. See Redman v. John D. Brush & Co., 111 F.3d 1174, 1177 (4th Cir. 1997) (applying abuse of discretion standard); see also Mullen v. Princess Anne Volunteer Fire Co., 853 F.2d 1130, 1135 (4th Cir. 1988).

Next, Hines suggests that the district court erred by granting BGE's motion for a new trial. At the first trial, the judge inappropriately dismissed a juror. Consequently, the district court did not abuse its discretion by granting BGE's motion. See Fed. R. Civ. P. 47(c); see also Freeman v. Case Corp., 118 F.3d 1011, 1014 (4th Cir. 1997) (explaining that the district court's decision to grant a new trial is reviewed for abuse of discretion).

Hines further asserts that the district court committed reversible error by allowing BGE to submit supplemental jury instructions to the jury and by providing the jury with an improper verdict form. First, Hines has failed to demonstrate that the court lacked good cause to submit these supplemental instructions. See United States v. United Med. & Surgical Supply Co., 989 F.2d 1390, 1406-07 (4th Cir. 1993); see also United States v. Horton, 921 F.2d 540, 546 (4th Cir. 1990) (explaining that the decision to submit supplemental jury instructions to the jury is within the sound discretion of the court). Moreover, the record reveals that despite the fact that the court ordered Hines to submit a proposed verdict form, she never did. Therefore, these claims are without merit.

Finally, Hines alleges that the district court erred when it commented on her attorney's closing statement and that the court acted in a prejudicial and biased manner towards her and her attorney throughout the trial. Again, because Hines has not demonstrated that the court's isolated statement was prejudicial or that the judge acted in an unreasonable or unfair manner, there is no basis for reversal of the judgment in this case.

We accordingly affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3