**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DONNELL WRIGHT,
Plaintiff-Appellant,

v.

WOLPOFF & ABRAMSON; LARRY
ABRAMSON,                                                    No. 99-1762
Defendants-Appellees.

and

HARRY WOLPOFF,
Defendant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-97-4324-CCB)

Submitted: January 27, 2000

Decided: February 28, 2000

Before NIEMEYER, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sherrie T. Howell-Young, LAW OFFICES OF SHERRIE T.
HOWELL-YOUNG, Baltimore, Maryland, for Appellant. Robert B.

Fitzpatrick, FITZPATRICK & ASSOCIATES, Washington, D.C., for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Donnell Wright appeals from the district court's order granting
summary judgment in favor of Defendants, and dismissing his
employment discrimination action alleging violation of Title VII of
the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e-3(a)
(West 1994) ("Title VII"). Specifically, he claimed that he was retali-
ated against with regard to a co-worker's complaints of racial discrim-
ination and constructively discharged from his employment with
Defendants. On appeal, Wright alleges that the district court erred in
granting summary judgment on the retaliation claim.

Our review of the record and the district court's opinion discloses
that this appeal is without merit. Wright's complaint centers around
allegations of race discrimination made by Reginald Miles, a co-
worker, against their mutual employer, which allegations were
dropped by Miles following an internal investigation by the employer
and prior to any formal claim being made by Miles with the Equal
Employment Opportunity Commission ("EEOC"). Even assuming,
arguendo, that Wright established the first part of the prima facie case
of employment discrimination, i.e., that he engaged in protected activity[1]

_____

[1] Given the record evidence which includes Wright's repeated and spe-
cific denial of any involvement, knowledge, participation, or support for
Miles' complaint, or even the fact of the existence of the complaint,
together with the fact that Miles never actually filed a Title VII com-
plaint with the EEOC, Wright's argument that he participated in a pro-
tected activity is tenuous, at best.

2

pursuant to Section 704a of Title VII,**2** we find that he failed to establish that the employer took adverse employment action against him.**3** We find that Wright's reliance on his conclusory EEOC affidavit on this issue is insufficient to create a genuine issue of material fact, given his extensive deposition testimony to the contrary.**4** Specifically, Wright offers no evidence beyond his EEOC affidavit that his employer took any adverse action against him on account of his race.

Wright's sole contention of discrimination centers around one conversation he had with the law firm's managing partner. While he contends that, because of his association and friendship with Miles he was told by the partner that he would no longer receive raises or promotions, that he would be excluded from management meetings, and that he should look for other employment, he admitted in deposition, that none of the alleged threats ever came to fruition. In deposition, he attested that there were no management meetings from which he was excluded, that there were no promotions he failed to receive, and that there were no pay raises he was denied on account of his race. Given his deposition testimony to the contrary, we find that Wright's conclusory assertions and unsubstantiated speculation contained in his EEOC affidavit are insufficient to stave off summary judgment.**5** Accordingly, we cannot say that the district court's finding of non-discrimination was clearly erroneous.**6**

We therefore affirm the district court's grant of summary judgment in favor of Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

**2 <u>See Munday v. Waste Management of N. Am., Inc.</u>**, 126 F.3d 239, 242 (4th Cir. 1997); <u>see also Ross v. Communications Satellite Corp.</u>, 759 F.2d 355, 365 (4th Cir. 1985).
**3 <u>Id.</u>**
**4 <u>See Barwick v. Celotex Corp.</u>**, 736 F.2d 946, 960 (4th Cir. 1984).
**5 <u>Id.</u>**; <u>see also Goldberg v. B. Green & Co.</u>, 836 F.2d 845, 848 (4th Cir. 1988).
**6 <u>See Anderson v. City of Bessemer</u>** , 470 U.S. 564, 574 (1985).

3