**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DEBORAH J. ARRINDELL,
Plaintiff-Appellant,

v.

KAISER HEALTH PLAN OF THE

MID-ATLANTIC STATES,
INCORPORATED; KAISER PERMANENTE,
a/k/a Capital Area Permanente
Medical Group, P.C.,
Defendants-Appellees.

No. 96-2209

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-94-1145-DKC)

Submitted: June 10, 1997

Decided: August 5, 1997

Before HALL, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Eric E. Vickers, VICKERS & ASSOCIATES, P.C., St. Louis, Mis-
souri, for Appellant. Squire Padgett, LAW OFFICE OF SQUIRE
PADGETT, Washington, D.C.; Isaac Joe, Jr., Baltimore, Maryland,
for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Deborah J. Arrindell, an anesthesiologist, sued her employer alleging that she was harassed and terminated because of her race (she is African-American) and retaliated against because she complained of discrimination. See 42 U.S.C. §§ 2000e et seq. (1994); 42 U.S.C. § 1981 (1994). The district court granted summary judgment to her employer. For the reasons that follow, we affirm.

Arrindell worked for the Capital Area Permanente Medical Group, P.C. (CAPMG), which recruits, employs, supervises, and compensates physicians for the purpose of providing physicians, under contract, to Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. Each eligible physician is allowed to purchase two shares of CAPMG stock after twenty-four months of service, a third share after thirty-six months, and a fourth share after forty-eight months of service. The bylaws of CAPMG provide that in making the determination of whether to recommend a physician for shares, the Board of Directors (Board) considers a physician's written performance appraisal.

Arrindell, as she had in previous years, received a satisfactory performance appraisal in June 1992 from her supervisor Dr. Nancy Jones, Chief of Anesthesiology. The appraisal noted, however, in the growth/improvement section that "airway management and difficult intubations continue to present a challenge." (J.A. at 145, 150). Although the parties dispute the Board's motivation, it is uncontested that at a September 1992 Board meeting it was decided that Arrindell's third share of stock would be delayed for six months so that Arrindell could remedy her perceived shortcomings.

Arrindell rejected Jones' proposed training and monitoring plan designed to improve her skills in airway management and difficult

2

intubations. Accordingly, Arrindell was given two weeks to present her own proposal for training.**1** Rather than recommend any training plan, Arrindell stated by letter, dated November 10, that she thought any training was unnecessary because she felt that Jones' assessment of her was unfounded and that she would only submit to training if and when she received an "unsatisfactory rating." Thereafter, Arrindell was told to report to work for the purpose of identifying an appropriate fellowship program in which she could enroll. She reported in to work but refused to cooperate in any training; she memorialized this refusal by letter dated December 4. She was terminated on December 7.

On appeal, Arrindell alleges that the district court erred by granting CAPMG's motion for summary judgment. Specifically, she alleges that (1) she established a prima facie case of discrimination and (2) CAPMG's reasons for terminating her were patently pretextual because her performance was satisfactory.**2** Summary judgment orders are reviewed de novo on appeal; if there is no genuine dispute as to a material fact, the moving party is entitled to judgment as a matter of law. See Hinson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). An employer is entitled to summary judgment if the plaintiff fails to establish a prima facie case of discrimination or fails to raise a factual dispute regarding the employer's proffered reasons for the alleged discriminatory act. Id. "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." EEOC v. Clay Printing Co., 955 F.2d 936, 943 (4th Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 252 (1986)).

In order to establish a prima facie case**3** of a racially motivated dis-

_____

**1** During this time she was excused from her normal duties but received her salary.

**2** Arrindell does not allege, on appeal, that the district court erred with respect to her racial harassment or retaliation claims.

**3** In her brief, Arrindell admits there is no direct evidence of discrimination; therefore, the district court properly analyzed her claims under the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), burden-shifting method of proof.

charge, Arrindell must show that: (1) she is a member of a protected class; (2) she was qualified for the job and performed the job satisfactorily; (3) in spite of her qualifications and performance, she was demoted and ultimately discharged; and (4) the position remained open to similarly qualified applicants after plaintiff's dismissal. See Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994). The inference of discrimination arising from plaintiff's prima facie case may be rebutted by evidence of the employer's legitimate, non discriminatory reasons for the dismissal. The burden then shifts to the plaintiff to prove that the employer's stated reasons are pretextual. The plaintiff retains the ultimate burden of persuasion throughout the process. Id.

The district court found that Arrindell failed to establish a prima facie case of discrimination because she was not performing her job satisfactorily. Arrindell argues that this prong is established because she received a satisfactory rating on each of her annual performance appraisals--notwithstanding that her June 1992 appraisal noted that she needed improvement in "airway management" and "difficult intubations." In essence, Arrindell argues that her "satisfactory" rating is per se proof of meeting the second prong of the prima facie case and that her employer's termination of her on the basis of her job performance is therefore pretextual. As noted by the district court, however, CAPMG's reason for terminating her was because she steadfastly refused training her employer considered necessary to her fully satisfactory performance.[4]

The record is uncontroverted that Jones' assessment that Arrindell needed improvement in airway management and difficult intubations was accurate. At least eight other physicians had reported an instance in which Arrindell had difficulty with an intubation or some problem in airway management. Some of these situations were of a serious nature and required the intervention of another anesthesiologist or physician. Arrindell provides no evidence that these problems were exaggerated or that her supervisor, Jones, overreacted. Indeed, Jones, herself, is African-American.

_____

[4] Arrindell does not dispute, nor could she, that she refused training. Rather, she maintains the training was not "warranted."

4

In any event, even if Arrindell established a prima facie case of discrimination, she provided no evidence that CAPMG's stated reasons for her termination were merely a pretext for discriminatory treatment. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993). The record establishes that at least two other physicians, outside Arrindell's protected class, also had their shares deferred and were required to undergo training--thereby cutting against any inference that CAPMG's actions were merely a pretext for discriminatory treatment.**5** Arrindell provided no evidence that she was discharged because of her race. Her unsubstantiated allegations and assertions concerning her own performance simply "do not have sufficient `probative force to reflect a genuine issue of material fact.'" Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 960 (4th Cir. 1996) (quoting Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988)). Accordingly, met with a record lacking in evidence of discriminatory animus or treatment, the district court properly granted summary judgment to CAPMG.**6** Thus, we affirm.

We deny Arrindell's motion for oral argument because the facts and legal contentions are adequately presented before the court and argument would not aid the decisional process.

AFFIRMED

_____

**5** To the extent Arrindell alleges discriminatory treatment, this claim also fails. See Moore v. City of Charlotte, 754 F.2d 1100, 1105 (4th Cir. 1985).

**6** Because the record is devoid of discriminatory animus by CAPMG, Arrindell's claim of discrimination under 42 U.S.C.§ 1981 (1994), was also properly dismissed by the district court on summary judgment. See Theard v. Glaxo, Inc., 47 F.3d 676, 680 (4th Cir. 1995).

5