Hayse I. HENDERSON

v.

ANNE ARUNDEL COUNTY BOARD OF EDUCATION.

No. Civ. S 98–2390.

United States District Court, D. Maryland.

June 14, 1999.

Norris C. Ramsey, Law Office, Baltimore, MD, for Plaintiff.

Kimberly Hale Carney, Anne Arundel County Office of Law, Annapolis, MD, Wil-liam D. Evans, Jr., Assistant County Attorney, Annapolis, MD, for Defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

The plaintiff has filed suit, asserting claims of racial discrimination under Title VII, 42 U.S.C. § 1981, and age discrimination under the ADEA against his employer, the Anne Arundel County Board of Education. His complaint stems from his failure to be selected as head football coach at the Meade Senior High School. The case is before the Court on the defendant's motion for summary judgment. The matter has been fully briefed, and no oral argument is needed. Local Rule 105.6, D.Md.

When a case is at the summary judgment stage, if the defendant submits a properly supported motion under Fed. R.Civ.P. 56(c), as here, the plaintiff—to avoid summary judgment—must demonstrate that there is a genuine dispute of material fact for trial, by coming forth with evidence sufficient to form a basis for a reasonable fact-finder to find in his favor, were the case at the directed verdict stage. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ Whether a claim of discrimination is based on Title VII, Section 1981, the ADEA, or, against a public employer, 42 U.S.C. § 1983, an employee who claims discrimination must show that the action in question was motivated by intentional discrimination on a prohibited basis (such as race or age). Without such a showing, the plaintiff cannot prevail.

Assuming that Mr. Henderson has made out a *prima facie* case under *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (which applies to all categories of discrimination suits where no direct evidence of intentional discrimination is presented), the inquiry next proceeds to whether the defendant

has proffered a legitimate, non-discriminatory reason for the action taken with regard to the plaintiff. If the plaintiff shows that this legitimate reason was a pretext, then the fact-finder makes the ultimate determination as to whether the real reason for the adverse action was intentional discrimination. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

■ In this case, the defendant has satisfied its burden of producing evidence of a legitimate non-discriminatory reason for the selection of a younger, Caucasian individual (a Mr. Frye) as head coach, which Mr. Henderson has not shown to be a pretext.

Mr. Henderson, who has a long history of coaching other sports in the Anne Arundel County School System, had been head coach of the Meade team from 1990–93. The year prior to his selection, the team's won/lost record was 7–3. During Mr. Henderson's three years as head coach, the team's records were 1–9, 5–5, and 2–8. After Mr. Henderson was relieved as head coach, the job was advertised. Mr. Henderson did not apply for it. Mr. Jerry Hartman became head coach for four years, compiling a record of 1–9, 2–8, 7–3, and 8–2. Things were definitely looking up for Meade football under Mr. Hartman.

When Mr. Hartman vacated the head coach position in 1996, it was again advertised, and plaintiff applied. He was interviewed for it twice, the second interview coming after the panel's first choice declined the position. In June, 1997, Mr. Mark Frye was selected. (During Mr. Frye's tenure, the team's record was 8–2 and 7–3.) The plaintiff did not reapply for the position when it was readvertised after Mr. Frye's first year of coaching.

The plaintiff has brought forth no evidence to show that his failure to be selected for the head coach position in 1996–97 had anything whatever to do with his race or age, or to show that the defendant's proffered reasons for hiring Frye are pretexts. He relies primarily upon the fact that the interview was conducted by Caucasians and involved subjective judgments, yet he fails to counter the cold facts of the losing record he compiled in his earlier tenure. Although the Court recognizes that the vagaries of high school sports make it difficult for any coach to maintain a consistent winning record—given the shifting talent pool of players from year to year—nonetheless, Mr. Henderson's losing record when he had the head coach job, combined with his poor interview performance, certainly constituted a legitimate, non-discriminatory reason for his non-selection, and he has introduced no evidence showing intentional racial or age discrimination, other than, perhaps, his own subjective beliefs, which are insufficient to survive summary judgment under settled law of this Circuit, *see Goldberg v. B. Green and Co., Inc.,* 836 F.2d 845 (4th Cir.1988), showing intentional racial or age discrimination.

The Court has considered the plaintiff's arguments about the subjective nature of the interview, but it finds them insufficient to cause the Court to discredit the legitimacy of the reasons proffered for his non-selection, applying the rule in *Page v. Bolger,* 645 F.2d 227, 230 (4th Cir.1981). Furthermore, although this is not, strictly speaking, a case of "academic tenure"—such cases apparently being confined to the college environment—nonetheless, the selection of a football coach comes close to a tenure decision, in that subjective evaluations are highly important. *See, e.g., Jiminez v. Mary Washington College,* 57 F.3d 369, 377 (4th Cir.1995). In *Jiminez,* the Fourth Circuit warned against the dangers of second-guessing a tenure denial. In this case, the Court sees no warrant to have it or a jury second-guess the decision not to give the head coach job to Mr. Henderson.

The Court has also considered the plaintiff's "spoliation" argument, but it finds no indication that the interview records were destroyed with a purpose to foil the pro-

cesses of justice. These were minor records, personal to the interviewers, and it is certainly understandable that teachers serving on a panel to interview a football coach would see no reason to preserve records of this nature.

Accordingly, an Order will be entered separately, granting summary judgment in favor of the defendant, for the reasons stated.

### ORDER AND JUDGMENT

For the reasons stated in the foregoing Memorandum Opinion, it is, this 14th day of June, 1999, by the Court, ORDERED and ADJUDGED:

1. That defendant's motion for summary judgment BE, and it here IS, GRANTED;

2. That judgment BE, and it hereby IS, entered in favor of the defendant, against the plaintiff, with costs; and

3. That the Clerk of Court mail copies hereof and of the foregoing Memorandum Opinion to counsel for the parties.