**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSEPH HENRY LOWRY,
<u>Plaintiff-Appellant,</u>

v.                                                                          No. 98-1165

BEDFORD COUNTY SCHOOL BOARD,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Lynchburg.
James C. Turk, District Judge.
(CA-95-68-L)

Argued: March 4, 1999

Decided: July 19, 1999

Before WILKINSON, Chief Judge,
BROADWATER, United States District Judge
for the Northern District of West Virginia,
sitting by designation, and MICHAEL,
Senior United States District Judge
for the Western District of Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Neil Edward McNally, KEY & TATEL, P.C., Roanoke,
Virginia, for Appellant. Peter Otey Ward, Jr., Lynchburg, Virginia,

for Appellee. **ON BRIEF:** Thomas N. Key, KEY & TATEL, P.C., Roanoke, Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Henry Lowry appeals the district court's order granting summary judgment to his former employer, Bedford County School Board ("School Board"), in his Title VII action alleging racial discrimination. Lowry, who is black, alleged that the School Board based its decision not to renew his employment contract on Lowry's race. The district court held that Lowry failed to make a prima facie case of racial discrimination because Lowry was replaced by another black male. The district court also found that the School Board had proffered legitimate reasons for its decision not to renew Lowry's contract and that Lowry failed to present sufficient evidence that these proffered reasons were pretextual to justify presenting the issue to a jury. If we assume without deciding that Lowry established a prima facie case, the proffered explanation for his termination was not pretextual. Accordingly, we affirm.

Lowry was employed by the School Board from 1972 to 1993, most recently as a school bus mechanic. The School Board employed Lowry pursuant to renewable annual contracts. On May 28, 1993, the Supervisor of Transportation for the School Board, Marion Hargrove, informed Lowry that his contract would not be renewed after its expiration on June 30, 1993.

At the time Lowry learned of his termination, the explanation he received in response to his inquiry was Hargrove's response that "we [the School Board] can do better." In support of its motion for summary judgment, the School Board submitted evidence of deficiencies

2

in Lowry's job performance during the 1992-93 period. Specifically, the School Board cited the following deficiencies: (1) Lowry improperly walked out of a shop mechanic's meeting without explanation; (2) Lowry was insubordinate and uncommunicative with supervisors, including Hargrove and shop foreman, Edward Bowden; (3) Lowry failed to get the wrecker certification required for his position; (4) Lowry repeatedly serviced buses out of sequence, contrary to established procedures; (5) Lowry exhibited hostility to his shop foreman; and (6) Lowry failed to call in sick before the time he was supposed to report for work. The School Board maintains that these deficiencies, and not Lowry's race, led Hargrove to recommend non-renewal of Lowry's contract, a recommendation which Superintendent of Schools John Kent accepted after discussion and consideration of the matter with Hargrove.

In opposition to defendant's motion for summary judgment, Lowry submitted an affidavit denying or providing justifications for each of the alleged deficiencies. In his affidavit, Lowry also stated that on one occasion, he heard his foreman, Bowman, make a racial slur in reference to another black employee. No evidence other than plaintiff's bald assertion in his affidavit was presented in support of this allegation. While on summary judgment this must be taken as true, its weight in establishing a prima facie case is weakened by this lack of corroboration. No other evidence of racial motive for the School Board's decision was supplied in opposition to the summary judgment motion.

Absent direct evidence of discrimination, a plaintiff must first demonstrate all the elements of a prima facie case of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If the plaintiff establishes all the required elements, the court must rule in favor of the plaintiff unless the employer provides a legitimate, non-discriminatory reason for the adverse employment action. See id. at 802-805; see also St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507 (1993). If the employer satisfies this burden, the burden shifts back to plaintiff to show that the proffered reason is a pretext to mask discriminatory reasons for the adverse employment decision. See id.

The necessary elements of a prima facie case of discriminatory termination are: (1) plaintiff is a member of a protected class; (2) plain-

3

tiff was discharged; (3) at the time of discharge, plaintiff's job performance was satisfactory; (4) plaintiff's position remained open and was ultimately filled by a person of comparable qualifications outside the protected group. See Hicks, 509 U.S. at 506. Another panel in the Fourth Circuit recently held that the fourth element is ordinarily essential to a prima facie case but there are limited circumstances where a claim can survive even if plaintiff's position was filled by someone within the protected group. See Brown v. McLean, 159 F.3d 898, 905 (4th Cir. 1998). The exceptions recognized in Brown are: (1) in age discrimination cases where a plaintiff is replaced by a younger person who is also within the protected class; (2) where there has been a significant period of time between the adverse action against plaintiff and the decision to hire a replacement also within the protected class; and (3) where hiring another person within the protected class was calculated to disguise discrimination against plaintiff. See id. (citing O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308 (1996), Howard v. Roadway Express, Inc., 726 F.2d 1529, 1535 (11th Cir. 1984), and Jones v. W. Geophysical Co., 669 F.2d 280, 284-85 (5th Cir. 1982)).

We review the district court's grant of summary judgment de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162 (4th Cir. 1988). Summary judgment is appropriate where there are no genuine issues of material fact and when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Celotex v. Catrett, 477 U.S. 317, 323 (1986). When the moving party has shown an absence of evidence to support the non-moving party's case, the non-moving party must present specific facts showing there is a genuine issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Lowry challenges the district court's conclusion that he failed to establish a prima facie case of discriminatory termination, specifically criticizing the district court for relying on the fact that his replacement was also black. Although it is true that the fact that a plaintiff's replacement was also a member of his protected class is not always dispositive of a discrimination claim, this argument fails to persuade the court to reverse the lower court's decision.

The district court did not rely exclusively on the fact that Lowry was replaced by another member of his protected class. After deter-

4

mining that Lowry had failed to make a prima facie case, the district court proceeded to consider whether the proffered explanation for Lowry's termination was mere pretext. We agree with the district court that, even if he had made a prima facie case, Lowry failed to establish that the proffered justification for the School Board's decision was pretextual. The only evidence offered by Lowry of any racial bias toward him is his own affidavit describing one occasion on which his shop foreman made a racial slur about another black employee. Lowry's own opinion that his employer was biased, without more, is not enough to establish discrimination. See Goldberg v. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988). Even if the foreman made the slur as alleged by Lowry, the final decision to discontinue Lowry's employment cannot be attributed to that foreman. As evidence of racial animus toward Lowry, the one occasion offered is also less persuasive because it did not involve Lowry directly. No reasonable fact-finder would dismiss the proffered justifications for the adverse employment decision taken against Lowry in favor of the unsupported assertion by Lowry that one alleged racial slur by a foreman demonstrates racial bias by the School Board's decision-makers.

Accordingly, we affirm the district court's decision granting summary judgment to the School Board. Assuming plaintiff established a prima facie case of discrimination, he failed to satisfy his burden of presenting evidence that the School Board's justification for his termination was mere pretext to hide a discriminatory motive.

AFFIRMED

5