**Veleta HARRIS Plaintiff**

v.

**MARYLAND HOUSE OF CORRECTION and State of Maryland Defendants**

**No. CIV. H–00–1485.**

United States District Court, D. Maryland.

July 19, 2002.

Charles Owusu Kwarteng, Law Office Baltimore, MD, for Plaintiff.

Scott S. Oakley, State of Maryland Office of the Attorney General, Public Safety and Correctional Services, Baltimore, MD, for Defendants.

*MEMORANDUM OPINION*

ALEXANDER HARVEY, II, Senior District Judge.

Plaintiff Veleta Harris ("Harris") is a 60 year old African American who was formerly employed by the Maryland Department of Public Safety and Correctional Services (the "DPSCS") at the Maryland House of Correction. Proceeding *pro se*, plaintiff has paid the filing fee and has filed a complaint in this Court on a form furnished by the Clerk. Suit has been brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* (the "ADEA").

In her complaint, plaintiff has alleged that because of her race or color, her national origin and her age, she was subjected to unlawful discrimination by the DPSCS.[1] In particular, plaintiff has asserted that defendants unlawfully discriminated against her by terminating her employment on August 31, 1999. She is here seeking back pay, front pay, reinstatement and compensatory damages.

Presently pending in the case is defendants' motion to dismiss. In support of that motion, defendants have submitted copies of a Decision of an Administrative Law Judge, an Order of the Circuit Court for Baltimore City and an Opinion of the Court of Special Appeals of Maryland. These prior proceedings all involve plaintiff's challenges to the termination of her employment asserted by her in state administrative and judicial cases.

Recently, an attorney has entered his appearance for plaintiff in this case and has filed a motion to dismiss defendants'

---

1. As discussed *infra,* plaintiff has no viable claims of religious discrimination or of dis-
criminatory retaliation.

motion to dismiss, which will be treated as an opposition to defendants' pending motion. In support of that opposition, counsel has filed several exhibits, including plaintiff's affidavit. Recently, defendants have filed a reply to plaintiff's opposition. Since both sides have presented to the Court matters outside plaintiff's complaint, the pending motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. *See* Rule 12(b), F.R.Civ.P.

From its review of the record, the Court is satisfied that the essential issues here have been fully developed and that the Court may accordingly rule on the issues presented as a matter of law. No hearing is necessary for a decision. *See* Local Rule 105.6. For the reasons stated herein, defendants' motion to dismiss, treated herein as a motion for summary judgment, will be granted.

I

*Background Facts* [2]

At all relevant times, plaintiff Harris was employed at the MHC as a Correctional Officer II, having been employed at the MHC for approximately 20 years. On August 1, 1999, she handed to Correctional Officer Sybil Williams a church bulletin which had been folded and stapled, and she asked Officer Williams to give the document to inmate Ronald Ellis. Inside the bulletin was a personal letter written by Harris containing expressions of love and a reference to a handkerchief which inmate Ellis had given to Harris and which Harris had placed all over her body.

Instead of giving the letter to the inmate, Officer Williams gave the church bulletin and the personal letter to Captain Peebles who in turn gave these documents to Captain Stump. While Captain Stump was reading the letter, Harris entered the office. When shown the letter by Captain Peebles, Harris denied that it was in her handwriting and that she had given it to Officer Williams to give to an inmate. Harris then snatched the letter from Captain Peebles shoving him in the chest,[3] tore it into pieces and stuffed the pieces in her shirt. She was then asked to submit to a strip search but she refused.[4] Her request to go to the bathroom was denied because of concerns that she would flush pieces of the letter down the toilet. Harris then began to tear up the letter, tossing the pieces about the room in the presence of Capt. Stump and Lt. Reginald Walton who had arrived. The prison's investigative unit appeared but declined to investigate further, advising Captain Peebles that grounds existed to discharge Harris and that he should have Harris leave the grounds immediately.

Harris was then escorted out of the institution and was told to return the next day to meet with the Warden. She did not report as ordered. On August 11, 1999, the Warden advised Harris in writing that she would be terminated from state service for misconduct and that he would so recommend to Stuart O. Simms, Secretary of the DPSCS. A proposed Notice of Termination had been given to Harris on August 1, 1999 and was signed by Secretary Simms on August 30, 1999. Harris was

---

**2.** The background facts recited herein are those determined by an Administrative Law Judge in administrative proceedings brought by plaintiff Harris.

**3.** At various times during the incident, Harris pushed Captain Stump, pushed another Correctional Officer and had both fists up as if to strike Captain Stump.

**4.** Subsequently, she allowed a strip search to be performed.

terminated from her position effective August 31, 1999.

Harris appealed her discharge, and the matter was transmitted to the Maryland Office of Administrative Hearings. A two-day hearing was held before Administrative Law Judge ("ALJ") Eileen C. Sweeney on May 25 and May 31, 2000. OAH No. SPMS–MHC–10–200000008. Harris was represented by counsel at that hearing. Various exhibits were admitted in evidence and a number of witnesses testified. In her 35–page Decision of July 17, 2000, ALJ Sweeney affirmed the Notice of Termination filed against Harris. Pursuant to the findings of fact and conclusions of law set forth in her Decision, ALJ Sweeney concluded that Harris had violated various applicable COMAR regulations. Harris' actions were found to have seriously threatened the safety of the work place and to constitute cause for automatic termination of employment pursuant to Maryland statutory law. See Md.Code Ann., State Pers. & Pen. § 11–105.

Harris then sought judicial review of the ALJ's Decision in the Circuit Court for Baltimore City. Harris v. Md. House of Correction, Case No. 24–C–00–003681–AA (Cir. Ct. for Baltimore City). In an oral opinion rendered on April 10, 2001, Judge Thomas E. Noel determined that the findings of the ALJ were supported by substantial evidence. An Order affirming the Decision and Order of the ALJ was entered on April 12, 2001.

Harris then appealed to the Court of Special Appeals of Maryland. In an unreported opinion filed on May 14, 2002, the Court of Special Appeals affirmed the judgment of the Circuit Court for Baltimore City, concluding that the ALJ had made extensive, comprehensive and careful findings of fact which were based on substantial evidence contained in the record. Harris v. Md. House of Corrections, No. 371, Sept. Term 2001 (May 14, 2002).

After she was discharged, Harris had also filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC"). Following an investigation, plaintiff's charge was dismissed because the EEOC was unable to conclude that the information obtained established violations of Title VII and the ADEA. A notice of right-to-sue was mailed to plaintiff on February 24, 2000. On May 22, 2000, plaintiff filed her complaint in this Court.

II

*Summary Judgment Principles*

It is well established that a defendant moving for summary judgment bears the burden of showing the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. *Barwick v. Celotex Corp.,* 736 F.2d 946, 958 (4th Cir.1984). Where, as here, the nonmoving party will bear the ultimate burden of persuasion at trial, "the burden on the moving party [at the summary judgment stage] may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

One of the purposes of Rule 56 of the Federal Rules of Civil Procedure is to require a plaintiff, in advance of trial and after a motion for summary judgment has been filed and properly supported, to come forward with some minimal facts to show that the defendant may be liable under the claims alleged. See F.R.Civ.P. 56(e). If the nonmoving party "fail[s] to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof," then "the plain language of Rule 56(c) mandates the entry of

summary judgment." *Catrett,* 477 U.S. at 323, 106 S.Ct. 2548.

Applying these principles to the facts of record here, this Court has concluded that defendants' motion to dismiss, treated herein as a motion for summary judgment, must be granted.

## III

### *Applicable Law*

The legal standards to be applied to plaintiff's Title VII claim and to his ADEA claim are essentially identical. In order to prevail on either claim, plaintiff must prove that, but for defendants' discriminatory motive, she would not have been discharged. *Tuck v. Henkel Corp.,* 973 F.2d 371, 374 (4th Cir.1992); *Williams v. Cerberonics, Inc.,* 871 F.2d 452, 458 (4th Cir. 1989); *EEOC v. Western Elec. Co.,* 713 F.2d 1011, 1014 (4th Cir.1983). Plaintiff may meet this burden under ordinary principles of proof using direct or indirect evidence or, in the alternative, under the judicially created proof scheme established by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and reaffirmed in *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). *See also Goldberg v. B. Green & Co.,* 836 F.2d 845, 847 (4th Cir.1988).

Under the *McDonnell Douglas* proof scheme, plaintiff must initially establish by a preponderance of the evidence a *prima facie* case of employment discrimination. In order to make out a *prima facie* case of age or Title VII discrimination, plaintiff must establish: (1) that she is a member of a protected class; (2) that she was discharged; (3) that at the time of her discharge, she was performing her job at a level that met her employer's legitimate expectations; and (4) that following her discharge, she was replaced by someone of comparable qualifications outside the protected class. *Tuck,* 973 F.2d at 375 (age

discrimination); *Wileman v. Frank,* 979 F.2d 30, 33 n. 5 (4th Cir.1992) (Title VII discrimination);.

If a plaintiff establishes a *prima facie* case, then the defendant has the burden of articulating a legitimate, nondiscriminatory reason for terminating plaintiff's employment. *Tuck,* 973 F.2d at 375. The articulation of a legitimate, nondiscriminatory reason for plaintiff's discharge rebuts the inference of discrimination raised by the *prima facie* case. At that point, the ultimate burden shifts back to the plaintiff to prove by a preponderance of the evidence that the proffered explanation was a pretext and that defendants intentionally discriminated against her on the basis of her race, her national origin or her age. For purposes of defeating defendants' motion for summary judgment in this case, plaintiff Harris must therefore produce evidence from which a reasonable jury could infer that defendants' action was based upon her race or color, her national origin or her age, or that defendants' proffered legitimate, nondiscriminatory reason for the adverse employment action is a pretext for unlawful discrimination. *Tuck,* 973 F.2d at 375; *Wileman,* 979 F.2d at 33. *See also St. Mary's Honor Center,* 509 U.S. at 511, 113 S.Ct. 2742.

## IV

### *Discussion*

In support of their pending motion, defendants argue (1) that this action is barred by limitations; (2) that this Court lacks jurisdiction over the subject matter of the complaint; and (3) that plaintiff is precluded from relitigating in this case the factual circumstances relating to her termination from state service.

Defendants contend that plaintiff filed this action on May 25, 2000, which was more than 90 days after she received a

right-to-sue letter from the EEOC. The record here indicates otherwise. As disclosed by official docket entries, this civil action was filed on May 22, 2000, which was less than 90 days after plaintiff received from the EEOC the right-to-sue letter which was mailed on February 24, 2000. Defendants rely on a receipt issued by the Clerk's Office indicating that plaintiff paid the $150 filing fee on May 25, 2000. This was apparently a clerical error, inasmuch as the complaint itself is stamped as having been filed on May 22, 2000. Accordingly, there is no merit to defendants' first argument.

As defendants note, plaintiff has alleged in her *pro se* complaint that defendants' conduct was discriminatory because it was based upon her race, her color, her religion, her age and her national origin. Plaintiff has also alleged a claim of retaliation under Title VII.

■ On the record here, this Court concludes that plaintiff may not in this case assert a claim of discrimination based on her religion. In her Charge of Discrimination filed with the EEOC, she claimed that she was terminated (1) because she was a Jamaican; (2) because she was 60 years of age; and (3) in retaliation for certain actions taken by her. Since there was no claim of religion included in her charge, plaintiff may not assert that claim here. *See Evans v. Technologies Applications & Service Co.,* 80 F.3d 954, 963 (4th Cir. 1996). A plaintiff in a Title VII suit may assert only those discrimination claims stated in her initial charge or reasonably related to the claims in her complaint. *Id.* Plaintiff may, however, assert in this Title VII action claims that she was subjected to discrimination because of her race or color, her age and her national origin. This Court has jurisdiction to consider those claims asserted under Title VII and the ADEA since they were previously presented to the EEOC.

■ Plaintiff may not, however, proceed in this case with a claim of retaliation. Title VII makes it unlawful for an employer to discriminate against an employee because the employee has protested discrimination or filed charges of discrimination against the employer. *See* 42 U.S.C. § 2000e–3. In her Charge of Discrimination filed with the EEOC, plaintiff merely complained of the unfair manner in which her superiors had treated her. She alleged in her Charge that she was subjected to discriminatory treatment, *inter alia,* in retaliation "for previously challenging my assignment out of the dormitory." An allegation of this sort is not sufficient to permit a plaintiff to seek relief under 42 U.S.C. § 2000e–3. There is no allegation by plaintiff in this case that she was subjected to retaliation because she protested discrimination or otherwise engaged in activity protected by Title VII.

■ Although this Court has jurisdiction over plaintiff's other Title VII claims for race or color, or national origin discrimination and over plaintiff's ADEA claim for age discrimination, the record here establishes as a matter of law that plaintiff cannot prevail on any of these claims. On the record in this case, this Court finds and concludes that plaintiff has failed to establish a *prima facie* case of race or color discrimination, of national origin discrimination, or of age discrimination. Plaintiff has met the first two requirements of a *prima facie* case by producing evidence establishing that she was a Jamaican and that she was 60 years of age at the time of her discharge. However, plaintiff has not come forward with material evidence indicating that at the time of her discharge she was performing her job at a level which met her employer's legitimate expectations nor that she was replaced by someone of comparable qualifications outside the protected group.

■ The record here establishes that plaintiff was discharged because of her misconduct. As determined by the ALJ, Harris gave a personal love letter to another correctional officer to be delivered to an inmate, attempted to destroy the letter when confronted with it, refused orders to desist from tearing up the letter and to turn it over to her superior officers, abandoned two posts and pushed several superior officers. These findings were affirmed by the Circuit Court for Baltimore City and by the Court of Special Appeals of Maryland. Harris was discharged because she violated COMAR regulations and because her actions seriously threatened the safety of the workplace, a ground for automatic termination of employment under Md.Code Ann. State Pers. & Pen. § 11–105(1)(iii).

Under collateral estoppel principles, once a court has decided an issue of fact or law necessary to a judgment, that decision precludes relitigation of the issue in a suit on a different cause of action involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (citing *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). Here, the reasons for plaintiff's discharge were vigorously litigated by plaintiff in administrative proceedings and in Maryland courts. The outcome of these proceedings establishes as matter of law that plaintiff's misconduct as a correctional officer was the sole reason for the termination of her employment. Preclusive effect in a Title VII case must be given to a state court decision upholding the determination by a state administrative agency that an employee has been discharged for cause. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). Plaintiff's own conclusory assertions of discrimination in and of themselves are insufficient to constitute proof of any discriminatory animus on the part of defendants. *Sharafeldin v. Md. Dept. of Pub. Safety*, 131 F.Supp.2d 730, 742 (D.Md.), *aff'd* 2001 WL 1432557, 21 Fed.Appx. 227 (4th Cir.2001).[5]

## V

### *Conclusion*

In sum, plaintiff has not established a *prima facie* case of race or color discrimination, national origin discrimination or age discrimination. She has produced no evidence of wrongful discrimination sufficient to create a genuine issue of material fact concerning whether defendants intentionally discriminated against her because of her race or color, because of her national origin or because of her age. Accordingly, for all the reasons stated, defendants' motion to dismiss, treated herein as a motion for summary judgment, will be granted. An appropriate Order will be entered by the Court.

---

**5.** Even were the Court to find that plaintiff had made out a *prima facie* case of discrimination on the record here, summary judgment in favor of the defendants would still be granted. Defendants have in this case articulated a legitimate, nondiscriminatory reason for the termination of plaintiff's employment, and plaintiff has not presented material evidence which would raise a triable issue as to pretext.